Mrs. Marcelle RAFFTERY

v.

UNITED STATES of America et al.
Civ. A. No. 1612.

United States District Court
E. D. Louisiana,
Baton Rouge Division.
April 12, 1957.

B. B. Taylor, Jr., Baton Rouge, La., for plaintiff.

Wade Heaton, Kizer, Heaton, Craig & Cangelosi, Baton Rouge, La., for defendant G. R. Kuehnle.

Jack Benjamin, Asst. U. S. Atty., New Orleans, La., for the Government.

BENJAMIN C. DAWKINS, Sr., District Judge.

Plaintiff, alleging herself to be a citizen of the United States, temporarily residing in Germany, sued the Government in tort for alleged malpractice, along with an individual, G. R. Kuehnle, who "in line of duty, assisted in, supervised and/or performed  *  *  * " an operation upon her " *  *  * in a negligent manner" resulting in physical injuries, disability, pain, suffering and mental anguish  *  *  * " for which she claimed damage in the sum of $50,000.

Defendant has moved "to dismiss the complaint  *  *  * for the reason  *  * said complaint fails to state a claim or cause of action against the United States upon which relief can be granted."

The matter was orally argued about a year ago and submitted on briefs later to be filed. Counsel for the Government, on a date not shown filed a "memorandum of authorities" in which it simply calls attention to Title 28 U.S.C. §§ 2671 and 2680, and the case of Spelar v. United States, 1949, 338 U.S. 217, 70 S.Ct. 10, 94 L.Ed. 3.

Plaintiff has never filed any brief, notwithstanding this court, some two weeks ago wrote the Clerk that ten additional days would be allowed for that purpose, after which the record should be sent to the Judge for disposition.

It seems unnecessary to engage in an extended discussion, since Section 2680, Tit. 28 U.S.C., Act of June 25, 1948, enumerating exceptions or exclusions of situations in which a tort action can be brought against the United States, specifically provides that no such suit shall be maintainable on "any claim arising in a foreign country."

Spelar v. United States, supra, held that jurisdiction in such cases was confined to areas over which the United States had complete sovereignty.

The motion to dismiss is sustained.

Proper decree should be presented.