**Col. Paul Emmett TOWRY**

v.

**The UNITED STATES of America, Donald H. Rumsfeld, United States Secretary of Defense and Thomas C. Reed, United States Secretary of the Air Force.**

**Civ. A. No. 76–2967.**

United States District Court, E. D. Louisiana.

July 31, 1978.

Harry S. Redmon, Jr., Harry A. Rosenberg, New Orleans, La., for plaintiff.

Robert L. Boese, Asst. U. S. Atty., New Orleans, La., for defendants.

## MEMORANDUM OPINION

EDWARD J. BOYLE, Sr., District Judge.

According to the complaint filed herein, Col. Paul Emmett Towry, United States Army, retired, was "living temporarily" in Okinawa in 1972. On January 1, 1972, a military ambulance which was transporting Col. Towry to an Army hospital following a suspected heart attack, veered off the road and over a 65-foot cliff. Based on injuries allegedly sustained, Col. Towry filed a claim for damages in the amount of $375,000.00 with the Secretary of Defense under the Military Claims Act, 10 U.S.C. § 2733, "and/or" the Foreign Claims Act, 10 U.S.C. § 2734.[1]

The Military Claims Act empowers the "Secretary concerned" to "settle and pay" a meritorious claim in an amount not greater than $25,000.00 and, if he considers that a claim in excess of $25,000.00 is meritorious, to "report the excess to Congress for its consideration."[2] Similar provisions are contained in the Foreign Claims Act, with the distinction that the Secretary concerned is authorized to "certify [an excess claim which he considers meritorious] to Congress as a legal claim for payment from appropriations made by Congress therefor."[3] In April of 1976, Col. Towry was informed that the Secretary of the Air Force (the Secretary), to whom responsibility for resolution of the claim had been assigned, made a final determination that Col. Towry should be offered a maximum of $50,000.00.

Col. Towry rejected the offer and, averring that "the final determination of the Secretary was not in accordance with law," instituted this action seeking judicial review of the suggested administrative disposition of his claim. Named as defendants are the United States of America, United States Secretary of Defense Donald H. Rumsfeld, and United States Secretary of the Air Force Thomas C. Reed. The complaint prays for judgment in favor of the plaintiff and against the defendants in the amount of $375,000.00 and "for all such additional relief as the law, equity and the nature of the case may present." Jurisdiction was pleaded under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701 et seq., and the federal question statute, 28 U.S.C. § 1331(a).

The defendants filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The motion was referred to a United States Magistrate pursuant to 28 U.S.C. § 636(b)(1)(B) for hearing, report and recommendation. On report, the Magistrate recommended that "the motion of defendant, United States of America, to dismiss for lack of jurisdiction under Rule 12b(1&6) be granted," (based on a conclusion that the APA did not provide a jurisdictional predicate for this action), but also recommended "reserving plaintiff's claim pursuant to 28 U.S.C. § 1331" (based on a conclusion that neither 10 U.S.C. § 2733 nor 10 U.S.C. § 2734 nor jurisdictional interpretation thereof specifically precludes plaintiff from urging his claim in federal court if jurisdiction is otherwise present).

The report, however, does not reflect consideration by the Magistrate of the defendants' contention that maintenance of this action is prohibited by the doctrine of sovereign immunity and the "military" and "gratuitous" nature of awards made under the

---

1. The Foreign Claims Act, by its terms, applies to claims for "personal injury . . . to any inhabitant of a foreign country." 10 U.S.C. § 2734(a)(3). The Act's scope of coverage, according to a regulation promulgated under the authority of 10 U.S.C. § 2734(a), includes "U. S. Citizens . . . who actually inhabit the foreign country in which the claim arises." 32 CFR 842.50. The Military Claims Act does not cover claims cognizable under the Foreign Claims Act. 10 U.S.C. § 2733(b)(2). The conclusion we reach herein makes it unnecessary to identify the statute which covers Col. Towry's claim.

2. See 10 U.S.C. § 2733(a)(3) and (d).

3. See 10 U.S.C. § 2734(a)(3) and (d).

claims statutes involved in this litigation. Additionally, the report does not address the controversy between the parties as to whether or not the APA authorizes the judicial review and relief requested herein.[4]

Neither the plaintiff nor the defendants filed objections to the Magistrate's report, a procedure made available to them by 28 U.S.C. § 636(b)(1)(C). However, the defendants have filed a subsequent motion to dismiss, urging the court to "enter a judgment dismissing plaintiff's action with prejudice and without reservation of any claim pursuant to 28 U.S.C. § 1331.[5] Following a hearing, we took the motion under submission. At a conference held on a later date, the parties were directed to submit additional memoranda on various points relating to the submitted matter and on the additional issue of the extent and nature of any judicial review of the final agency determination which may be found appropriate. Further, counsel agreed that the administrative record should be submitted to the court for its reference.

All material was received in accordance with the submission schedule fixed at the conference. Because of the failure of the Magistrate to treat with what we perceive to be major issues raised in the defendants' original motion to dismiss, we consider the merits of that motion *de novo* along with the subsequent motion of the defendants. Thus, our deliberations included consideration of the memoranda submitted in support of and in opposition to both motions.

■ As noted by the Magistrate, *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977), precludes reliance on the APA as an independent jurisdictional basis for this action. Additionally, we have concluded that, because of the sovereign immunity of the United States, this court is without jurisdiction to grant an award of money damages against the defendants. Further, we find that judicial review of the final agency action which forms the basis of this litigation is statutorily precluded; thus, 28 U.S.C. § 1331(a), as amended in 1976, does not contain a grant of subject matter jurisdiction over this cause.

■ As noted by the Fifth Circuit in *Simons v. Vinson,* 394 F.2d 732 (5 Cir. 1968), *cert. denied* 393 U.S. 968, 89 S.Ct. 398, 21 L.Ed.2d 379, "Probably no principle of law is better established than that the United States may not be sued without its consent." *Id.* at 735–36.[6] In an amendment to the APA, effected by Pub.L. 94–574, 90 Stat. 2721, enacted October 21, 1976, Congress consented to suits by parties challenging the lawfulness of administrative action seeking equitable relief therefrom; however, it explicitly withheld its consent to suits for judicial review of federal action wherein monetary relief is sought.[7] Absent

---

4. For purposes of the contentions and controversy outlined in this paragraph, the defendants expressed their willingness to concede that jurisdiction under 28 U.S.C. § 1331 would be "supportive of" judicial review authorized by the APA. *See* Record Doc. # 13.

5. In the subsequent motion, the arguments advanced by the defendants in their original motion were re-urged, augmented by a contention that plaintiff failed to satisfy the APA's standing requirement contained in 5 U.S.C. § 702, and presented under the broad assertion that plaintiff failed to identify a provision of federal constitutional or statutory law which his right to review could be said to "arise under" for purposes of § 1331 jurisdiction.

6. For this principle, the court cited *Louisiana v. McAdoo,* 234 U.S. 627, 34 S.Ct. 938, 58 S.Ct. 1506 (1914); *Dugan v. Rank,* 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); *Malone v. Bowdoin,* 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d

168 (1962); *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949).

7. The law adds to the original one-sentence text of 5 U.S.C. § 702, which provides,

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.

three additional sentences, the first of which reads:

An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

congressional consent, this court is without jurisdiction to entertain plaintiff's claim for monetary relief against the United States.

■ The immunity of the sovereign, which extends to the agencies of the federal government and the officers of those agencies,[8] prevents maintenance of this action for monetary relief against the Secretaries of Defense and Air Force as well. Resort by the plaintiff to the principle that sovereign immunity does not apply to suits against individual federal officials for their assertedly *ultra vires* or unconstitutional actions is foreclosed by the nature of the relief sought, i. e., an award of tort damages which could only be satisfied from the public treasury and would thus require the "disposition of unquestionably sovereign property."[9]

■ Further, we find no merit in plaintiff's contention that either the Military Claims Act or the Foreign Claims Act may be considered, by analogy to the Federal Tort Claims Act, as having created a "right of action" in the plaintiff to judicially pursue a personal injury tort claim against the United States or the federal officers named herein.[10] *Ford v. United States,* 88 F.Supp. 263, 264, 115 Ct.Cl. 793 (1950) lends the plaintiff no support in this assertion.

In oral argument and in a memoranda addressed to this court, the plaintiff noted that he not only has prayed for a money judgment but also seeks all additional relief as the law, equity and the nature of the case may require. "The Court may decide," he suggests, "to remand the case to the administrative agency for further consideration with appropriate instructions . . . and may fashion other relief in its equitable powers."

Such an exercise of equitable powers is sought by the plaintiff to rectify what he has alleged in the complaint to be "a final determination of the Secretary [which] was not in accordance with law." The complaint's specific allegations include averments that the administrative decision was "arbitrarily conceived," "capricious" and "unsupported by the evidence" and that the Secretary abused the discretion vested in him by the Military and Foreign Claims Acts. Although we have been referred to no formal findings which the Secretary may have made, that portion of the administrative record which was forwarded to the court with a supplemental memoranda of the defendants further identifies the source of Col. Towry's dissatisfaction. It is apparent therein that the Secretary concluded that an award of approximately $37,500 would adequately compensate Col. Towry for past and future pain and suffering ($110,000 was requested) and that Col. Towry's asserted loss of income and impairment of earning capacity were speculative in nature ($111,005 was requested).[11] The equitable relief sought herein would require this court to reverse the Secretary's finding of these adjudicative facts.

Whether or not the objective reasonableness of an adjudicative fact finding by the Secretary under the Military Claims Act "and/or" the Foreign Claims Act is judicially reviewable is not, as the parties have

---

8. *Simons v. Vinson, supra,* at 736.

9. *Larson v. Domestic & Foreign Commerce Corp., supra,* 337 U.S. at 691, n.11, 69 S.Ct. at 1462, n.11. *See Saine v. Hospital Authority,* 502 F.2d 1033, 1035–1036 (5 Cir. 1974), *citing Zapata v. Smith,* 437 F.2d 1024 (5 Cir. 1971). *Cf. De Lao v. Califano,* 560 F.2d 1384, 1389–91 (9 Cir. 1977); *Edelman v. Jordan,* 415 U.S. 651, 668, 94 S.Ct. 1347, 1358, 39 L.Ed.2d 662 (1977) (discussing the Eleventh Amendment immunity afforded the various States).

10. *See Bird & Sons, Inc. v. United States,* 420 F.2d 1051, 1057, 190 Ct.Cl. 426 (1970); *Preferred Ins. Co. v. United States,* 222 F.2d 942,

946 (9 Cir. 1955); *United States v. Wade,* 170 F.2d 298, 299 (1 Cir. 1948).

11. *See* letter dated April 15, 1975, from Harry S. Redmon, Jr., Esq. to Col. William A. Martin, USAF, Chief, General and Tort Litigation Division, Office of the Judge Advocate General, Department of the Air Force, setting forth the amounts requested by elements of damage, and letter dated November 13, 1975, from Mr. Redmon to Col. Martin, wherein counsel for plaintiff provided Louisiana authorities (at the government's suggestion) relating to quantum in pain and suffering awards and standards of proof for loss of past and future income.

assumed, subject to governance by the doctrine of sovereign immunity. The "classic exceptions" to this doctrine, therefore, also are inapplicable herein. As has been noted previously, Congress acted in 1976 to eliminate the defense of sovereign immunity as a barrier to actions seeking equitable relief from assertedly illegal Federal administrative action.[12] The House Report on S.800, which bill contained the various amendments to the APA discussed herein, reveals in the clearest terms the intent of Congress to effect the immediate discontinuance of the "totally erratic, haphazard, unpredictable, unfair, inconsistent, and in some situations, unjust" judicial application of the doctrine of sovereign immunity to actions seeking equitable relief from agency action.[13] To underscore its intent, Congress explicitly removed the barrier, formerly presented by sovereign immunity, to naming the United States in such actions.[14] The Committee on the Judiciary, in favorably reporting S.800, stated: "Actions challenging official conduct are intrinsically against the United States and are now treated as such for all practical purposes." [15]

■ However, the House Report also contains a specific assurance that the elimination of the defense of sovereign immunity will not affect the operation of the exclusionary rules found in the APA itself.[16] The exclusion which makes the judicial review provisions of the APA inapplicable to the action *sub judice* is stated in 5 U.S.C. § 701(a)(1), which provides:

(a) This chapter applies, according to the provisions thereof, except to the extent that—

(1) statutes preclude judicial review.[17]

As noted in *Macomber v. United States,* 335 F.Supp. 197, 198–99 (D.R.I.1971), the "presumption of reviewability" of agency action which is illustrated by *Abbott Laboratories v. Gardner,* 387 U.S. 136, 140, 87 S.Ct. 1507, 1510–1511, 18 L.Ed.2d 681 (1967) does not alter this exclusionary provision. Quoting *Barlow v. Collins,* 397 U.S. 159, 167, 90 S.Ct. 832, 838, 25 L.Ed.2d 192 (1970), the *Macomber* court observed: "A clear command of the statute will preclude review; and such a command of the statute may be inferred from its purpose."

**12.** In its explicit abrogation of the defense of sovereign immunity in actions seeking equitable relief, the first new sentence of § 702 replaces the law of this Circuit established in *Estrada v. Ahrens,* 296 F.2d 690, 698 (5 Cir. 1961), i. e., that the APA impliedly waives the sovereign's immunity in actions to which the APA applies. In this connection, we also note that the dilemma faced by the court in *Warner v. Cox,* 487 F.2d 1301 (5 Cir. 1974) has been resolved statutorily by the addition of clause (2) of the third sentence added to § 702 by the amending legislation of 1976 which reads: "Nothing herein . . . (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." *See* H.R.Rep. No. 94–1656, 94th Cong., 2d Sess. 11, 12–13 (1976), 5 U.S.Code Cong. and Admin.News, 1976, pp. 6121, 6131, 6133. However, contrary to an assertion of movants, *Warner v. Cox, supra,* is not dispositive of the motion *sub judice.* Movant's implied analogy between the Military and Foreign Claims Acts and the Tucker Act must fail in light of the expressed limitation of the applicability of clause (2), quoted above, to statutes which grant "consent to suit."

**13.** *See* H.R.Rep. No. 94–1656, 94th Cong., 2d Sess. 4–9 (1976), 5 U.S.Code Cong. and Admin. News, 1976, pp. 6124-6129.

**14.** The second new sentence added to 5 U.S.C. § 702 by Pub.L. 94–574 provides:

The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States . . . .

Section 703 of Title 5, U.S.C., governing the issue of proper parties defendant, was also amended to provide the plaintiff with the option of naming as defendant the United States, the agency by its official title, appropriate officers, or any combination of them in judicial review actions where no special statutory review proceeding is applicable.

**15.** H.R.Rep. No. 94–1656, 94th Cong., 2d Sess. 11 (1976), 5 U.S.Code Cong. and Admin.News, 1976, p. 6131.

**16.** H.R.Rep. No. 94–1656, 94th Cong., 2d Sess. 11 (1976), 5 U.S.Code Cong. and Admin.News, 1976, p. 6131.

**17.** Thus, we do not reach the exclusion contained in clause (2) of § 701(a), for agency action "committed to agency discretion by law."

Further, *Califano v. Sanders,* supra, 430 U.S. at 104–05, 97 S.Ct. at 984–85, instructs us that the retention by Congress of a statute precluding review of agency action qualifies the grant of federal question subject matter jurisdiction effected by the 1976 amendment to 28 U.S.C. § 1331(a). Under the amendment, enacted in Pub.L. 94–574, which also contained the various additions to the APA discussed herein, the amount-in-controversy requirement was eliminated as a prerequisite to the maintenance of "any [1331] action brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity." 28 U.S.C. § 1331(a). "The obvious effect of this modification," the Court concluded, *"subject only to preclusion-of-review statutes created or retained by Congress,* is to confer jurisdiction on federal courts to review agency action . . . ." *Id.* 430 U.S. at 105, 97 S.Ct. at 984. (Emphasis ours.)

■ A clear command of Congress precluding review of administrative "fact findings" under the Military Claims Act and the Foreign Claims Act is contained in 10 U.S.C. § 2735. As pertinent here, that statute provides:

> Notwithstanding any other provision of law, the settlement of a claim under section 2733 [and] 2734 . . . of this title is final and conclusive.

As we have noted, the "Secretary concerned" under the claims acts involved herein is authorized by the Military Claims Act to "report to Congress for its consideration" an excess claim if he "considers that a claim in excess of $25,000.00 is meritorious." Under the Foreign Claims Act, the "Secretary concerned" may "certify the excess to Congress as a legal claim for payment from appropriations made by Congress therefor," but, again, only if he "considers a claim in excess of $25,000.00 meritorious." As the

concept of the Secretary's "consideration" is embodied within the definition of "settlement," 10 U.S.C. § 2731, such "considerations" are established as final and conclusive under § 2735. Further, the term "settle" encompasses the full or partial disallowance of the Secretary in the disposition of a claim.[18]

We are supported in our conclusion that § 2735 precludes judicial review of factual agency determinations under the Military and Foreign Claims Acts by the legislative history of a 1972 amendment to section 2735. By Pub.L. 92–413, 86 Stat. 649, section 2735 was amended to extend its finality provisions to actions for administrative settlement of military claims brought under §§ 2734a, 2734b and 2737. The Senate Report on the proposed amendment contains the following statement of policy:

> Under the present provisions of section 2735, finality of settlement applies to property and personal injury claims under sections 2733 and 2734 of title 10. Similar finality of settlement statutes include those applicable to Federal tort claims (28 U.S.C. 2672), admiralty claims involving the military departments (10 U.S.C. 4806, 7622(d), 7623(d), and 9806), and claims generated by National Guard activities (32 U.S.C. 715).[19] The proposed legislation would be consistent with the cited general policy of preventing other agencies of the Government from reviewing and reversing actions on claims settlements of agencies specifically authorized to settle and pay certain claims.

S.Rep. No. 92–1056, 92d Cong. 2d Sess. (1972), 2 U.S.Code Cong. and Admin.News, 1972, pp. 3106, 3109–3110.

In *Macomber v. United States,* supra, finality and definitional provisions contained in the Military Personnel and Civilian Employees' Claim Act of 1964, 31 U.S.C.

---

**18.** 10 U.S.C. § 2731 provides: "In this chapter, 'settle' means consider, ascertain, adjust, determine, and dispose of a claim, whether by full or partial allowance or disallowance."

**19.** Sections 715(d), (g) and (h) of 32 U.S.C. authorize a federal official to report to Con-

gress, for its consideration, a meritorious claim exceeding $25,000.00 which he considers meritorious, and provide that the "settlement" of a claim, which includes the concepts of consideration and disallowance, is final and conclusive.

§§ 240–243,[20] which are identical to those found in sections 2735 and 2731, were held to preclude judicial review over an administrative denial of a claim brought under that Act. There, the intent of Congress to preclude review was found not only in the language of the finality provision but also in a letter from the Assistant Secretary of the Interior to the Chairman of the Judiciary Committee which was affixed to the Senate Report covering the proposed 1964 legislation. The letter stated:

> No provision is made for appeal to the courts. On the contrary, the bill provides that the administrative settlement of a claim is final and conclusive.

*Id.* at 199.

There remains only the contention of the plaintiff that the due process clause of the Fifth Amendment of the United States Constitution requires review of all agency action which is alleged to be arbitrary, capricious, an abuse of discretion, and not based on substantial evidence. We have been cited to and have found no cases supporting this all-embracing proposition. Instead, we are directed by *Califano v. Sanders,* supra, 430 U.S. at 106–108, 97 S.Ct. at 985–86, to honor the contours of federal question jurisdiction set out in preclusion-of-review statutes. In this connection, we note that the Court, there, did not classify a claim of an "abuse of agency discretion" by the Secretary of Health, Education and Welfare—in refusing to reopen a claim for social security benefits—as "one of those rare instances where the Secretary's denial of a petition to reopen is challenged on constitutional grounds." *Id.,* 97 S.Ct. at 986. Thus, the Court was not counselled against reading the no-review statute there involved, 42 U.S.C. § 405(h), as taking what would otherwise be the " 'extraordinary' step of foreclosing jurisdiction." *Id.*

██ Additionally, even in the absence of an express prohibition of review, the availability of judicial review of agency action which involves an exercise of administrative discretion is to be determined by a number of factors, only one of which is the desire to safeguard individual rights.[21] The finality provision contained in 10 U.S.C. § 2735 expresses the congressional determination, which we feel is sound, that this desire is outweighed by the disruptive effect which judicial review of fact findings would have on the prompt and authoritative administrative settlement of claims brought "against the military" under the Military Claims Act and the Foreign Claims Act. The flexibility inherent in the concept of due process, itself requiring a balance between the nature of the private interest affected and the government interest involved,[22] is a means for accommodation of this determination.

Accordingly, the original motion of the defendants to dismiss the complaint was heretofore granted and their subsequent motion to adopt the recommendation of the Magistrate without the reservation suggested therein was denied for mootness.[23]

---

**20.** The finality provision is 31 U.S.C. § 242; definition of "settle" is stated in 31 U.S.C. § 240(3).

**21.** *See Langevin v. Chenango Court, Inc.,* 447 F.2d 296, 302-04 (2 Cir. 1971); *Hahn v. Gottlieb,* 430 F.2d 1243, 1249–51 (1 Cir. 1970).

**22.** *See Mathews v. Eldridge,* 424 U.S. 319, 334–35, 96 S.Ct. 893, 902–03, 47 L.Ed.2d 18 (1976).

**23.** See Minute Entry, June 30, 1978.