668 F.2d 1153
 Frank T. LABASH, individually, George F. Labash, as guardian
and next friend of Frank T. Labash, and George F.
Labash and Mieko Labash, individually,
Plaintiffs-Appellants,
v.
The UNITED STATES DEPARTMENT OF the ARMY, the United States
Department of Defense, and the United States of
America, Defendants-Appellees.
 No. 80-1799.
 United States Court of Appeals,
Tenth Circuit.
 Submitted Oct. 16, 1981.
Decided Jan. 13, 1982.
 
 James B. Blevins, Oklahoma City, Okl., for plaintiffs-appellants.
 Larry D. Patton, U. S. Atty., W. D. Okl., John E. Green, First Asst. U. S. Atty., Oklahoma City, Okl., Major J. Thomas Holloman, JAGC, Dept. of the Army, Washington, D. C., of counsel, for defendants-appellees.
 Before DOYLE, BREITENSTEIN and McKAY, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 While serving in the United States Army, Frank LaBash was admitted to the United States Army Hospital, Landstuhl, Germany, for diagnosis of a medical problem. In the course of treatment, hospital employees administered to him a medication not intended for human use. Shortly thereafter Mr. LaBash lapsed into a coma from which he never emerged; he died some months later at a stateside Veterans' Hospital. It is clear from a review of the record that Mr. LaBash's injury and subsequent death resulted from medical malpractice by military medical personnel. The only relief he received for his injuries was in the form of free medical care and limited compensation, as provided by the Veterans' Benefits Act, under Title 38 of the United States Code. His claim pursuant to the Military Claims Act, 10 U.S.C. §§ 2731-2737, was denied by the Secretary of the Army.
 
 
 2
 Mr. LaBash and his parents initiated this action seeking to recover damages, under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, and the Military Claims Act, 10 U.S.C. §§ 2731-2737, for the government's negligence in treating Mr. LaBash.[1] On the government's motion, the trial court dismissed the entire action for want of subject matter jurisdiction. We now are asked to review the propriety of that dismissal.
 
 
 3
 It is well settled that the United States may not be sued without its consent. United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). The Federal Tort Claims Act waives United States' sovereign immunity in actions arising out of tortious conduct by governmental employees. However, the scope of the government's waiver is limited by exceptions contained in the Act itself and by judicial interpretation and application of the Act.
 
 
 4
 Prior decisions of this court and of the United States Supreme Court clearly establish that the Federal Tort Claims Act does not provide a basis for jurisdiction over the instant action. The doctrine of Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), holds that a serviceman injured as a result of activity incident to his service may not sue the United States for compensation under the Federal Tort Claims Act. The Feres doctrine is based in part on the perceived deleterious effects of service-related suits on military discipline and the express provision by Congress of another remedy through the Veterans' Benefits Act, which provides compensation for medical care and a limited income allowance to those injured while in the military, regardless of whether the government is at fault. This court consistently has followed the Feres doctrine. See, e.g., Carter v. City of Cheyenne, 649 F.2d 827 (10th Cir. 1981); Harten v. Coons, 502 F.2d 1363 (10th Cir. 1974), cert. denied, 420 U.S. 963, 95 S.Ct. 1354, 43 L.Ed.2d 441 (1976); Barr v. Brezina Construction Co., 464 F.2d 1141 (10th Cir. 1972).[2] There is no question that Mr. LaBash's injury occurred incident to his military service and, accordingly, that his claim against the United States based on negligence is governed by the Feres doctrine. The holding of this court in Harten v. Coons, 502 F.2d 1363 (10th Cir. 1974), which involved a claim of medical malpractice by military medical personnel on facts identical in all pertinent respects to those of the instant case, is dispositive of any claim to the contrary.[3] In Harten the court stated that
 
 
 5
 (w)hether a serviceman's injury arises out of activity 'incident to service' depends on whether it stems from an official military relationship between the negligent person and the serviceman. In other words, it depends on the claimant's 'status' at the time of the injury. (citation omitted)
 
 
 6
 Thus, if a claimant is on leave, or on inactive status at the time of the injury, or if the injury is not the product of a military relationship, suit under the Act may be allowed.
 
 
 7
 On the other hand, when a serviceman on active duty sustains an injury stemming from the military relationship, courts consistently have denied recovery under the Act. (notes omitted)
 
 
 8
 502 F.2d at 1365. At the time of injury, Mr. LaBash was on active duty and a military relationship existed between him and the military medical personnel responsible for his injury. Accordingly, the injury was suffered in activity "incident to his service," and his claim under the Federal Tort Claims Act is barred by the Feres doctrine.[4]
 
 
 9
 The Secretary of the Army denied Mr. LaBash's claim for relief under the Military Claims Act, 10 U.S.C. §§ 2731-2737. The trial court concluded that the Military Claims Act affords no relief for a claim of this kind. Although we agree with the trial court's conclusion, we have determined that 10 U.S.C. § 2735, in the absence of a cognizable constitutional claim, expressly precludes review of the Secretary's decision to deny the claim by the district or appellate court. As pertinent here, § 2735 provides that "(n)otwithstanding any other provision of law, the settlement of a claim under (the Military Claims Act) is final and conclusive." Section 2731 defines "settle" to mean "consider, ascertain, adjust, determine, and dispose of a claim, whether by full or partial allowance or by disallowance." It is clear then that the Secretary's denial of this claim was a "settlement," as defined by the statute, and that the statute contemplates no further review of the Secretary's decision.
 
 
 10
 The Administrative Procedure Act (APA), 5 U.S.C. §§ 551-59, 701-06, does not provide a basis for reviewing the Secretary's decision. The Supreme Court in Califano v. Sanders, 430 U.S. 99, 107, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977), held that § 702, which states that a person wronged by agency action is entitled to judicial review, does not afford an implied grant of subject matter jurisdiction permitting federal judicial review of agency action. Moreover, § 701(a)(1) expressly provides that the right of judicial review set forth in § 702 is not applicable to the extent that another statute precludes judicial review. Section 2735 precludes judicial review of claims denied under the Military Claims Act, and therefore, notwithstanding its review provisions, the APA does not provide a basis for federal court jurisdiction to review the Secretary of the Army's final denial of Mr. LaBash's claim.[5]
 
 
 11
 There also is no basis for federal question subject matter jurisdiction under 28 U.S.C. § 1331. The Court in Califano v. Sanders noted that jurisdiction conferred on federal courts to review agency action by § 1331 is subject to any "preclusion of review statutes created or retained by Congress." 430 U.S. at 105, 97 S.Ct. at 984. As we have noted, § 2735 is just such a statute.
 
 
 12
 Finally, we find no merit in plaintiffs' contention that the Due Process Clause of the Fifth Amendment to the United States Constitution requires review of the Secretary's decision to deny Mr. LaBash's claim. Plaintiffs do not specify in what way Mr. LaBash's constitutional rights have been violated, but rather suggest that lack of access to federal district court for review of the Secretary's decision is per se a violation of due process. We do not agree. Congress has chosen to limit the extent of the United States' waiver of sovereign immunity by restricting a serviceman to the specific remedies specified in the Veterans' Benefit Act. See Henninger v. United States, 473 F.2d 814 (9th Cir.), cert. denied, 414 U.S. 819, 94 S.Ct. 43, 38 L.Ed.2d 51 (1973); Thomason v. Sanchez, 398 F.Supp. 500 (D.N.J.1975), aff'd, 539 F.2d 955 (3d Cir. 1976), cert. denied, 429 U.S. 1072, 97 S.Ct. 809, 50 L.Ed.2d 790 (1977); Towry v. United States, 459 F.Supp. 101 (E.D.La.1978), aff'd, 620 F.2d 568 (5th Cir. 1980), cert. denied, 449 U.S. 1078, 101 S.Ct. 858, 66 L.Ed.2d 801 (1981). Inasmuch as the Secretary followed the prescribed statutory procedure, plaintiffs' constitutional claim must fail. Plaintiffs have not complained that the Secretary failed to comply with statutory process, and indeed, his compliance is clear from the record.
 
 
 13
 In conclusion, we hold that the United States has not waived its sovereign immunity to suit on plaintiffs' claim under the Federal Tort Claims Act. Although many courts have expressed reservations about the continuing validity of the broad Feres doctrine, only the United States Supreme Court can overrule or modify Feres. See, e.g., Hunt v. United States, 636 F.2d 580, 589 (D.C.Cir.1980) ("(T)he Feres doctrine clearly lives, although its theoretical bases remain subject to serious doubt."); Thomason v. Sanchez, 539 F.2d 955, 960 (3rd Cir. 1976); Veillette v. United States, 615 F.2d 505, 506 (9th Cir. 1980) ("reluctantly" affirming dismissal under the Feres doctrine). Therefore, once again we are constrained to follow the Feres doctrine, notwithstanding its harsh result.[6]
 
 
 14
 We also hold that neither the trial court nor this court has jurisdiction to review the Secretary's settlement of a claim under the Military Claims Act, absent a sufficiently pleaded allegation that a cognizable constitutional right has been violated.[7]
 
 
 15
 Accordingly, plaintiffs are confined to the remedy provided by Congress in the Veterans' Benefits Act.
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 Frank LaBash, twenty years old and an only child, died during the pendency of this suit. His father, George LaBash, is serving as guardian and next friend for his son. In addition, Mr. LaBash's parents are seeking damages on their own behalf
 
 
 [2]
 One of the cases comprising the Feres trilogy arose in this circuit and involved medical malpractice by military medical personnel. Griggs v. United States, 178 F.2d 1 (10th Cir. 1949), rev'd sub nom. Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950)
 
 
 [3]
 Moreover, two of the cases comprising the Feres trilogy involved medical malpractice by military medical personnel: Griggs v. United States, 178 F.2d 1 (10th Cir. 1949), and Jefferson v. United States, 178 F.2d 518 (4th Cir. 1949)
 
 
 [4]
 See Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949), and United States v. Brown, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954), in which the Court found that an injury did not occur incident to service. In Brooks, two servicemen were on leave when struck by an Army truck on a public highway. In Brown, a discharged veteran received negligent treatment after his discharge for an injury received while on active duty
 In the instant case, the trial court relied chiefly on 28 U.S.C. § 2680(k) in holding that there was no jurisdiction under the Federal Tort Claims Act (FTCA). This subsection excludes FTCA recovery for "any claim arising in a foreign country." Plaintiffs dispute the trial court's finding that the claim arose in a foreign country. Since we find a clear absence of jurisdiction under the FTCA, in accordance with the Feres doctrine, resolution of this dispute is not material to disposition of the claim.
 
 
 [5]
 We are aware that at least one court has held that § 2735 does not preclude judicial review of agency construction and application of law, but only makes the Secretary's settlement of a Military Claims Act claim final with respect to administrative review. Welch v. United States, 446 F.Supp. 75 (D.Conn.1978). The United States Supreme Court, in Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), indicated that, while there is a presumption that final agency action is subject to judicial review, courts should restrict access to judicial review as intended by Congress, when this legislative intent is shown by "clear and convincing evidence." 387 U.S. at 140-41, 87 S.Ct. at 1510-11. In our view, § 2735 provides "clear and convincing evidence" of Congress' intent. Accord, Towry v. United States, 459 F.Supp. 101 (E.D.La.1978), aff'd, 620 F.2d 568 (5th Cir. 1980), cert. denied, 449 U.S. 1078, 101 S.Ct. 858, 66 L.Ed.2d 801 (1981)
 
 
 [6]
 In recent cases, the Third Circuit, en banc, in an action involving injury to a serviceman incident to his service, rejected a constitutional intentional tort cause of action, based on the policy concerns underlying the Feres doctrine, viz., the effect of such suits on military discipline and Congress' express provision of another remedy. Jaffee v. United States, 663 F.2d 1226 (3d Cir. 1981); the Ninth Circuit in Monaco v. United States, 661 F.2d 129 (9th Cir. 1981), held that the Feres doctrine precluded a claim based on post-service occurrence of an injury (cancer) caused by an in-service act (exposure to radiation), but, in Broudy v. United States, 661 F.2d 125 (9th Cir. 1981), held that a claim that the government, in an independent, post-service, negligent act, failed to warn the serviceman of possible injury (cancer) or to monitor for possible injury arising from an in-service act (exposure to radiation), was not precluded by the Feres doctrine. The court based its holding on the United States Supreme Court's 1954 decision in United States v. Brown, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954), that a claim arising from a post-service act of negligence was not barred under Feres
 
 
 [7]
 Even were we to find jurisdiction to review plaintiffs' claim based on the Military Claims Act, we would hold it not cognizable under the express provisions of the Act. Section 2733(b)(3) of the Military Claims Act provides:
 (b) a claim may be allowed under subsection (a) only if-
 (3) it is not for personal injury or death of such a member (of the Army, Navy, Air Force, Marine Corps or Coast Guard) or civilian officer or employee whose injury or death is incident to his service. (Emphasis added).
 Although there is little case law construing the incident to service exclusion of the MCA, the Supreme Court in Feres discussed the Military Claims Act, in dictum, and implied that the standard for determining what constituted activity incident to service was the same under the Military Claims Act as under the Federal Tort Claims Act. 340 U.S. at 144, 71 S.Ct. at 158. (The "incident to service" exclusion in the current MCA is the same as that in the then-extant Military Personnel Claims Act, 31 U.S.C. § 223b.) On the strength of the Feres dictum, at least one federal court has expressly so held, Welch v. United States, 446 F.Supp. 75 (D.Conn.1978), and we would agree.