**Leola M. BROADNAX, Appellant,**

v.

**UNITED STATES ARMY.**

**Leola M. BROADNAX, Appellant,**

v.

**U.S. ARMY HOSPITAL NUREMBERG.**

**Nos. 83–1082, 83–1083.**

United States Court of Appeals, District of Columbia Circuit.

June 24, 1983.

*Id.* at 6.

Appellant, Leola M. Broadnax, pro se, was on the motion for appointment of counsel.

Stanley S. Harris, U.S. Atty., R. Craig Lawrence, and Ann S. DuRoss, Asst. U.S. Attys., Washington, D.C., were on the response.

Before MIKVA and EDWARDS, Circuit Judges, and MacKINNON, Senior Circuit Judge.

Opinion PER CURIAM.

PER CURIAM:

In this appeal, Leola Broadnax challenges the district court's dismissal on jurisdictional grounds of her complaint alleging negligent care at a United States Army hospital in Nuremberg, Germany. Broadnax alleged in her complaint medical malpractice by Army doctors and wrongful death in the death of a son born to her by cesarean section at the hospital on June 7, 1975. On June 3, 1980, five years after the fact, Broadnax filed an administrative claim with the U.S. Army Claims Service. The Service denied her claim and was affirmed on appeal to the Secretary of the Army. Broadnax then filed suit in federal district court. The Court, pursuant to defendant's motion, dismissed Broadnax's complaint for lack of subject matter jurisdiction, holding that neither of two possible bases for jurisdiction was applicable in this case. The court found the first, the Federal Tort Claims Act, inapplicable by its own terms to negligent acts committed in a foreign country. See 28 U.S.C. § 2680(k) (1976). It then found that the second potential jurisdictional grant, the Military Claims Act, barred judicial review of Army determinations under the Act. See 10 U.S.C. § 2735 (1976). Broadnax appealed, seeking appointment of counsel and summary reversal.

Because the district court correctly concluded that it lacked jurisdiction to entertain Broadnax's complaint, we deny Broadnax's motions and dismiss her appeal. It is well established that the United States can be sued only to the extent that it

waives its sovereign immunity. *See Dalehite v. United States,* 346 U.S. 15, 30–31, 73 S.Ct. 956, 965, 97 L.Ed. 1427 (1953). Of three possible bases for waiver, none applies in this case. The first, the Federal Tort Claims Act, grants jurisdiction to the district court to entertain complaints involving injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b). However, the Act expressly excepts from § 1346's coverage "[a]ny claim arising in a foreign country." 28 U.S.C. § 2680(k). The only conceivable question Broadnax might raise is whether a claim arising in a U.S. Army hospital located in Germany arises in a foreign country for purposes of the FTCA. Courts have long construed § 2680(k) as barring such claims. *See, e.g., United States v. Spelar,* 338 U.S. 217, 70 S.Ct. 10, 94 L.Ed. 3 (1949) (claim arising at air base in Newfoundland under long-term lease to the U.S. arose in foreign country); *Roberts v. United States,* 498 F.2d 520 (9th Cir.), *cert. denied,* 419 U.S. 1070, 95 S.Ct. 656, 42 L.Ed.2d 665 (1974) (negligence claim arising at air base in Okinawa barred by foreign claims exemption); *Rafftery v. United States,* 150 F.Supp. 618 (E.D.La.1957) (allegation of negligent medical care in Army hospital in Germany not cognizable under the FTCA).

■ The Military Claims Act is the second possible basis for jurisdiction in this case. Section 2733(a) of the Act authorizes the Secretary of the Army to "settle" any claims against the United States for "personal injury or death . . . caused by a civilian officer or employee of that department [or member of one of the armed services] acting within the scope of his employment . . . ." 10 U.S.C. § 2733(a)(3). The Act further provides that the "settlement" of a claim under this section is "final and conclusive," 10 U.S.C. § 2735, and defines the term "settle" broadly to mean "consider, ascertain, adjust, determine, and dispose of a claim, whether by full or partial allowance or by disallowance," 10 U.S.C. § 2731. The two courts which have construed this provision have held that it bars judicial review of claims brought under § 2733(a). *See Labash v. United States Department of the Army,* 668 F.2d 1153, 1155 (10th Cir.1982); *Towry v. United States,* 459 F.Supp. 101 (E.D.La.1978), *aff'd* 620 F.2d 568 (5th Cir.), *cert. denied,* 449 U.S. 1078, 101 S.Ct. 858, 66 L.Ed.2d 801 (1980). In this case, the Secretary's denial of the claim clearly was a "settlement" within the meaning of § 2735 and therefore would be barred under these cases. Although § 2735 may well permit some limited review, for example "where there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination,'" *Scroggins v. United States,* 397 F.2d 295, 297 (Ct.Cl.), *cert. denied,* 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1968) (citation omitted) (construing the finality clause which governs review of Merit Systems Protection Board determinations, 5 U.S.C. § 8347(c)), such review is not implicated under the circumstances of this case. *See Labash,* 668 F.2d at 1157 n. 7.

■ Finally, the third possible basis for jurisdiction, 28 U.S.C. § 1331 (1976), is inapplicable. The Supreme Court has held that § 1331, which gives the district courts original jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, is subject to any "preclusion or review statutes created or retained by Congress." *Califano v. Sanders,* 430 U.S. 99, 105, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977); *see Labash,* 668 F.2d at 1156. As we noted above, § 2735 is such a statutory provision.

Accordingly, we deny Broadnax's motions and dismiss her appeal for failure to present a nonfrivolous claim. *See* 28 U.S.C. § 1915(d).