Robert L. POINDEXTER and Earnestine Poindexter, Plaintiffs-Appellants,

v.

UNITED STATES of America and John O. Marsh, Jr., Secretary of the United States Department of the Army, Defendants-Appellees.

No. 85–4080
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 26, 1985.

232

Carroll Rhodes, Hazlehurst, Miss., for plaintiffs-appellants.

George Phillips, U.S. Atty., L.A. Smith, III, Asst. U.S. Atty., Jackson, Miss., Michael Kimmel, Atty., U.S. Dept. of Justice, Civil Div., Constance Wynn, Robert S. Greenspan, Attys., Appellate Staff, Dept. of Justice, Washington, D.C., for defendants-appellees.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

GARWOOD, Circuit Judge.

Appellants Robert and Earnestine Poindexter appeal the dismissal of their Military Claims Act suit by the district court for lack of subject matter jurisdiction. We affirm.

### Facts and Proceedings Below

As alleged in the complaint, on March 19, 1980, Sharon Lynn Poindexter Walker, an Army enlisted woman, and her three-year-old son Daimon Jamol Poindexter, were found dead in their apartment at the United States Army Base in Frankfurt, West Germany; Jerome Walker, her husband, an Army enlisted man who lived in the apartment with Sharon and Daimon, was subsequently convicted of their murders in a military court martial. Thereafter, appellants, the parents of Sharon Walker and the grandparents of Daimon Poindexter, filed an administrative claim for damages with the United States Army Claims Service for the wrongful death of their daughter and grandson, respectively, under the Military Claims Act, 10 U.S.C. § 2733, the Foreign Claims Act, 10 U.S.C. § 2734 and 2734a, and the Federal Torts Claims Act, 28 U.S.C. §§ 2671–2680. The Army Claims Service denied appellants' claims and they pursued an administrative appeal under the Military Claims Act and the Foreign Claims Act to the Secretary of the Army, who also rejected their claims. Appellants were then notified that this denial was final pursuant to 10 U.S.C. § 2735, which states: "Notwithstanding any other provision of law, the settlement of a claim under Section 2733, 2734, [or] 2734(a) ... of this title is final and conclusive."

The appellants sought judicial review of the administrative disposition of their claims and for this purpose filed the instant complaint, against the United States and the Secretary of the Army in his official capacity only, in the United States District Court for the Southern District of Mississippi seeking declaratory relief, monetary damages, and attorneys' fees.

Appellants alleged that the cause of death of Sharon and Daimon was "asphyxiation by strangulation and/or suffocation" and that

"[d]uring the weekend of March 15 and 16, 1980, Jerome Walker was very upset at his wife and made several threats to co-workers and supervisors working in his military unit. On or about March 17, 1980, Jerome Walker was upset, and his immediate supervisor gave him the remaining afternoon off. Jerome Walker failed to report for work on Tuesday, March 18, 1980 and was absent without leave (AWOL). No supervisor or U.S. Army official filed a formal complaint or charge charging Jerome Walker with being AWOL, nor did any of Jerome Walker's supervisors or U.S. Army official make a personal visit to his and his

wife's (base housing) apartment to inquire as to Jerome's condition or Sharon Lynn Poindexter's condition."

Appellants asserted jurisdiction under Article Three of the Constitution, the Federal Tort Claims Act, the Declaratory Judgment Act, the Military Claims Act, the Foreign Claims Act, and the due process clause of the Fifth Amendment. The complaint alleges that appellants were informed in writing by the Army Claims Service that " 'traditional principles of negligence law' would apply in their case, and to recover under the Military Claims Act, plaintiffs would have to prove negligence on the part of the United States Army," and that their claim under the Military Claims Act was denied on the basis that such negligence was not found. Appellants specifically asserted below that "the Military Claims Act does not require a claimant to prove that a member of the Army, Navy, Air Force, Marine Corps, or Coast Guard or civilian officer or employee of that department negligently caused personal injury or death of the claimant or the claimant's decedent," and that "regulations promulgated by the United States Department of the Air Force, Department of Navy and Coast Guard do not require that a claimant prove negligence in order to recover under the Foreign Claims Act or the Military Claims Act." Consequently, the appellants asserted to the district court that the regulations promulgated by the Department of the Army under the Military Claims Act required negligence, and that that requirement was arbitrary and capricious, overbroad, and placed a greater degree of proof on the claimant than the statute required. The appellants also asserted that this requirement violated the due process clause of the Fifth Amendment.

The government moved to dismiss appellants' complaint under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction, which the district court granted. The court below held that since no cognizable constitutional claim was pleaded, the finality statute controlled and thus no jurisdiction existed. No question is raised on appeal with respect to the Foreign Claims Act or the Federal Tort Claims Act. The only issue the appellants raise on appeal is whether the Rule 12(b)(1) dismissal of their complaint, in so far as it predicated recovery on the Military Claims Act, was correct.

## Discussion

*Judicial Preclusion Under the Military Claims Act*

Decisions on administrative claims brought under the Military Claims Act are not ordinarily reviewable. Under 10 U.S.C. § 2735, the "settlement" of a claim by the Secretary of the Army under the Military Claims Act is "final and conclusive." "Settlement," as used in the Military Claims Act, does not mean that there is or will be an actual disbursement of funds as that term generally connotes, but is instead defined by the Act as a process that will "consider, ascertain, adjust, determine, and dispose of a claim, whether by full or partial allowance *or by disallowance.*" 10 U.S.C. § 2731 (emphasis added). Thus whether a claimant receives money in the settlement of a claim—here the appellants did not—is irrelevant to whether judicial review is available. Taken at face value, the combined effect of sections 2731 and 2735 precludes all judicial review of the encompassed administrative rulings, and the courts have indeed held that the broad effect of these sections is to bar judicial review of these Military Claims Act agency determinations. *See Broadnax v. U.S. Army,* 710 F.2d 865, 867 (D.C.Cir.1983); *Labash v. U.S. Department of the Army,* 668 F.2d 1153, 1155–56 (10th Cir.), *cert. denied,* 456 U.S. 1008, 102 S.Ct. 2299, 73 L.Ed.2d 1303 (1982); *Towry v. United States,* 459 F.Supp. 101, 107 (E.D.La.1978), *adopted and affirmed* 620 F.2d 568 (5th Cir.1980), *cert. denied,* 449 U.S. 1078, 101 S.Ct. 858, 66 L.Ed.2d 801 (1981); *but see Welch v. United States,* 446 F.Supp. 75, 78 (D.Conn.1978) (suggesting broad judicial review for Military Claims Act adjudications).

Despite this broad affirmance of the principle of judicial preclusion in Military Claims Act determinations, our colleagues in other circuits have intimated, in dicta, that review of these administrative adjudications might be available in some circumstances. *See Labash, supra,* at 1157; *Broadnax, supra,* at 867. In *Labash,* the Tenth Circuit suggested that federal courts may have jurisdiction to review the administrative settlement of a Military Claims Act claim if there is "a sufficiently pleaded allegation that a cognizable constitutional right has been violated." 668 F.2d at 1157. Similarly, in *Broadnax,* the District of Columbia Circuit noted that "[section] 2735 may well permit some limited review, for example, 'where there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error "going to the heart of the administrative determination." ' " 710 F.2d at 867 (quoting *Scroggins v. United States,* 397 F.2d 295, 295, 184 Ct.Cl. 530, *cert. denied,* 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1968) (citation omitted) (construing the finality clause governing review of Merit Systems Protection Board determinations)).

This Court has adopted an arguably somewhat more restrictive view. *See Towry, supra,* at 107–08. The district court's opinion in *Towry,* which we adopted and affirmed, held that the due process clause of the Fifth Amendment does not authorize court review of a Military Claims Act settlement simply because the outcome "is alleged to be arbitrary, capricious, an abuse of discretion, and not based on sub-stantial evidence." 459 F.Supp. at 108. The *Towry* opinion makes it clear that mere allegations of unconstitutional arbitrariness by a claimant as a means of attacking an administrative ruling are not sufficient.[1]

■ We find the legal concepts and facts involved in *Towry* and those at issue here to be analogous. In both cases, judicial review is sought on broad constitutional grounds. The appellants in *Towry* claimed in the district court that the administrative adjudication was arbitrary, capricious, an abuse of discretion, and not based on the evidence; here the claims below were conclusory assertions, *inter alia,* that the denial of appellants' claims was a violation of substantive due process and that the requirement of negligence on the part of the Army for their type of claim was arbitrary, capricious, overbroad, and unconstitutional. The petitioners' claims do not raise colorable constitutional concerns. Even if the possibly broader *Broadnax* and *Labash* constitutional exceptions to finality statute applied, as urged by appellants and assumed by the district court, and judicial review were available upon a sufficiently pleaded allegation of a cognizable constitutional right, the order dismissing this claim for lack of subject matter jurisdiction must still stand.

The appellants' major constitutional argument is that the Army regulation requires proof of negligence to recover under the Military Claims Act, while the other military services do not, and that this divergence violates due process.[2] To this asser-

---

1. In *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977), cited by the court in *Towry,* the Supreme Court held open the possibility that colorable constitutional concerns were presumptively, although not conclusively, reviewable by the courts after an administrative determination. However, the *Sanders* court did not hold that an allegation of an "abuse of discretion" was "one of those rare instances where the Secretary's denial is challenged on constitutional grounds."

2. Appellants' claim of a due process violation is apparently based on an analogy to equal protection cases because the thrust of appellants' claim is that differing treatment is afforded synonymous classes, *see Bolling v. Sharpe,* 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954), although the claim is couched as "arbitrary," "capricious," and "overbroad." Equal protection *qua* equal protection applies only to the states. U.S. Const. amend. XIV. However, the due process clause of the Fifth Amendment provides an equal protection guaranty generally as broad as that of the Fourteenth Amendment. *See Buckley v. Valeo,* 424 U.S. 1, 96 S.Ct. 612, 670, 46 L.Ed.2d 659 (1976). *Cf. Hampton v. Mow Sun Wong,* 426 U.S. 88, 96 S.Ct. 1895, 1903–04, 48 L.Ed.2d 495 (1976) (suggesting possibility of some difference in certain applications); *Rostker v. Goldberg,* 453 U.S. 57, 101 S.Ct. 2646, 2650 n. 3, 2652 (endorsing, in consid-

tion, however, the district court answered that "all branches of the armed services require proof of negligence to support a claim such as the one under consideration." A review of the pertinent regulations proves the district court correct.

The Army regulations divide claims into two categories—those claims that involve military personnel acting within the scope of their employment and those incident to so-called "noncombat activities". The former, whose applicability here is not disputed, require negligence before recovery is permitted, while the latter do not.[3] "Noncombat activities" are defined as those activities "essentially military in nature, having little parallel in civilian pursuits ... such as practice firing of missiles and weapons, training and field exercises, and maneuvers ...." 32 C.F.R. § 536.-14(e). The Air Force and Navy make similar distinctions between claims arising from the negligence of military or civilian personnel acting in the scope of their employment and those claims arising out of activities of the same type as the Army regulations' "noncombat activities". *See* 32 C.F.R. § 842.49 (Air Force regulation); 32 C.F.R. § 750.55 (Navy regulation). The murders here were concededly not "essentially military activities," and thus appellants pursued a negligence theory in the Army administrative determinations, claiming Jerome Walker was inadequately supervised. *See* 32 C.F.R. § 536.14(a)(1) (negligent or otherwise wrongful act or omis-

sion of military personnel or civilian employee of Army acting within scope of employment). Negligence not having been found, appellants now seek invalidation of the negligence requirement. We find, however, that the district court correctly ruled there was no cognizable constitutional claim and that the case was properly dismissed.

■ Appellants do not now contest the determination that all branches of the military service require proof of negligence to sustain an ordinary tort claim under the Military Claims Act. Instead, the appellants claim that the district court erred in looking beyond the complaint in deciding the question of subject matter jurisdiction.[4] Appellants rely on the statement in *Green v. Ferrell*, 664 F.2d 1292, 1294 (5th Cir. 1982): "Premerits *factual* inquiries which affect the existence of subject matter jurisdiction are restricted to *such matters as* the determination of citizenship of the parties or the amount in controversy in a diversity action." (Emphasis added.) However, that language obviously is illustrative and not intended to be literally exclusive, especially when, as here, there is a separate finality statute.

This Court is more liberal in what it allows the district court to hear in subject matter jurisdiction disputes than appellants imply. In *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S.

---

ering claim of gender discrimination, "a healthy deference to ... executive judgments in the area of military affairs"), 2654, 69 L.Ed.2d 478 (1981).

**3.** 32 C.F.R. § 536.14 provides in pertinent part: "(a) *General.* Unless otherwise prescribed, a claim for personal injury, death, or damage to or loss of real or personal property is payable ... when—
"(1) Caused by the act or omission, negligent, wrongful, or otherwise involving fault of military personnel or a civilian employee of the Army acting within the scope of his employment, or
"(2) Incident to the noncombat activities of the Army."

**4.** The district judge's opinion shows that he relied on affidavits that were attached to a supplemental memorandum which appellees gave to

the judge to help him decide whether negligence was required in other branches of the armed forces. The district judge personally received and retained this information and it was therefore never made a part of the record. However, the appellants do not now assert that the district court erred in its consideration of this material because it was not filed with the district clerk, and thus waive any complaint on this issue. Their only argument on appeal is that this material considered for Rule 12(b)(1) purposes was beyond the complaint, and not that it was outside the record in the sense of having been filed directly with the judge rather than with the clerk. It is, of course, generally the preferred practice for such material to be filed in the clerk's office.

897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981), we stated that the district court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." The *Williamson* court also stated that "where the jurisdictional issue can be extricated from the merits and tried as a separate issue the findings of the district court must be accepted unless they are clearly erroneous." 645 F.2d at 416 n. 10 (citing *McLain v. Real Estate Board of New Orleans, Inc.*, 583 F.2d 1315 (5th Cir. 1978), *vacated on other grounds* 444 U.S. 232, 100 S.Ct. 502, 62 L.Ed.2d 441 (1980)). Here, the jurisdictional question can be sufficiently extricated from the merits of the complaint because the jurisdictional issue is whether Army regulations can constitutionally impose a negligence (or fault) requirement in Military Claims Act cases of this variety, and not the merits of this particular claim. And as the court further noted in *Williamson*, "[i]t is elementary that a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached." 645 F.2d at 413. Moreover, in a case somewhat analogous to this one we ruled that materials such as outside affidavits can be considered if relevant to the district court's jurisdiction. *Green v. Forney Engineering Co.*, 589 F.2d 243, 246 (5th Cir.1979).

We also observe that the essence of what the district court considered was covered by the regulations of the Army, Air Force and Navy. These were matters of which the district court was *required* to take judicial notice, as is this Court. *See* 44 U.S.C. § 1507; *United States v. Harrison*, 651 F.2d 353, 355 (5th Cir.), *cert. denied*,

454 U.S. 1126, 102 S.Ct. 975, 71 L.Ed.2d 113 (1981); *Glapion v. M/S JOURNALIST*, 487 F.2d 1252, 1255 (5th Cir.1973). It is true that in the case of the Navy the material considered by the district court went somewhat beyond the express wording of the regulations (32 C.F.R. § 750.55), but in our view this material only serves to make explicit what is implicit in the regulations. Moreover, the material considered is essentially legal—as opposed to factual—in nature; it reflects the "law" of the three military services in respect to this aspect of the Military Claims Act. Finally, appellants do not challenge the accuracy of the district court's conclusions in this respect.

Consequently, we decline to reverse the decision below on the basis of appellants' contention that the district court wrongfully went outside the complaint in determining, for purposes of ruling on its subject matter jurisdiction, that the military services do not materially differ from one another in requiring negligence or other fault as the basis for Military Claims Act claims, such as the present one, that do not involve "noncombat activities." This being the case, there was obviously no cognizable constitutional claim that equal treatment was denied as between the services.[5]

As to any other significant constitutional concerns under *Labash* or *Broadnax*[6] which might invoke jurisdiction, we find that there is likewise no merit. It is entirely rational for the Army to require negligence in ordinary tort claims and not in those resulting from "noncombat," uniquely military activity. Indeed, state law ordinarily requires proof of negligence or intentional conduct in order to recover for wrongful death, *see* W. Prosser, *The Law of Torts* § 127 at 902–03 (4th ed. 1982), and thus this requirement of negligence complies with the societal norm and can hardly

---

5. We do not imply that the Constitution would require uniformity among the services in this respect. *Cf.* 10 U.S.C. § 2733(a) (quoted note 7, *infra* ) (authorizing the service secretaries severally to promulgate Military Claims Act regulations for their respective services).

6. Appellants argued below that the Army regulations were, *inter alia*, "arbitrary, capricious, and overbroad, and violate the Fifth Amendment."

be said to be "arbitrary" or "capricious." Moreover, Congress has specifically given the Secretary of the Army the authority to promulgate regulations governing Military Claims Act claims.[7] Congress has also expressed its approval of this type of claim differentiation. For instance, when Congress enacted the National Guard Claims Act, 32 U.S.C. § 715, in 1960, it made the claims payable "in the same manner and to the same extent as claims cognizable under the [Military Claims Act]." 1960 U.S.Code Cong. & Ad.News 3492, 3494, 3497. As the legislative history of the National Guard Claims Act shows, Congress intended for "scope of employment" claims and "noncombat" claims to be reimbursed in the same manner as Military Claims · Act claims, with the former requiring negligence for recovery and the latter not. *See id.* at 3494–95.

Additionally, we note that this case involves no suspect class, no First Amendment right, and no procedural due process complaint. Such constitutional issues may justify heightened scrutiny, a matter we need not address in the present context.

Finding no colorable constitutional issue and thus no subject matter jurisdiction, we affirm the district court's dismissal under Fed.R.Civ.P. 12(b)(1).

AFFIRMED.

---

**7.** 10 U.S.C. § 2733(a) provides:
  "Under such regulations as the Secretary concerned may prescribe, he, or, subject to appeal to him, the Judge Advocate General of an armed force under his jurisdiction, or the chief legal officer of the Coast Guard, as appropriate, if designated by him, may settle, and pay in an amount not more than $25,000, a claim against the United States ...."