**Fumi HATA, Personal representative of the Estate of Arnold S. Hata, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 92–56142.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 3, 1994.

Decided April 26, 1994.

---

Martha L. Neese, Lyons Sawicki Neese, St. Paul, MN, for plaintiff-appellant.

Diana L. Gordon, Trial Atty., Paul F. Figley, U.S. Dept. of Justice, Washington, DC, for defendant-appellee.

Before: SNEED, THOMPSON, and RYMER, Circuit Judges.

Opinion by Judge SNEED

SNEED, Circuit Judge.

Appellant Fumi Hata (Hata) challenges the district court's dismissal of her Military Claims Act (MCA) suit for lack of subject matter jurisdiction. We AFFIRM.

## I.

### FACTS AND PROCEEDINGS BELOW

Appellant's late husband, Sgt. Arnold S. Hata, was stationed at Kadena Air Base in Okinawa, Japan. On April 22, 1990, Sgt. Hata went to the emergency room at Camp Lester Naval Hospital complaining of severe chest pain. The doctor in charge of the emergency room ordered pain relievers for Sgt. Hata and sent him on his way. However, his chest pains continued, and he awoke in the middle of the night with convulsions. Although emergency help was summoned, Sgt. Hata died before reaching the hospital. The autopsy report attributed his death to acute myocardial infarction caused by artheriosclerotic coronary artery disease.

Fumi Hata and her three children filed an administrative claim with the Air Force under the Military Claims Act (MCA), 10 U.S.C. §§ 2731–2737, alleging that medical malpractice by Navy doctors led to Sgt. Hata's wrongful death. The Secretary of the Air Force ultimately barred the claim because Sgt. Hata's death occurred incident to his military service.[1] In making this determination, the Secretary looked to the *Feres* doctrine to interpret the MCA's statutory "incident to service" exclusion, 10 U.S.C. § 2733(b)(3).

1. The Secretary also barred the claim because the treatment Sgt. Hata received met an adequate standard of care. Hata argues only the jurisdictional issue in this appeal.

2. Hata alleged jurisdiction generally under 28 U.S.C. § 1331. Section 1331 gives district courts original jurisdiction over cases arising un-

As personal representative of the estate of Sgt. Hata, Mrs. Hata subsequently brought suit in district court for a declaratory judgment that the *Feres* doctrine does not apply to claims brought under the MCA and that the Air Force misinterpreted and misapplied the MCA's "incident to service" exclusion. The district court, without discussion, dismissed Hata's suit for lack of subject matter jurisdiction. Hata appeals.

## II.

### JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction over this appeal under 28 U.S.C. § 1291. We review *de novo* the district court's 12(b)(1) dismissal for lack of subject matter jurisdiction. *Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 554 (9th Cir.1992).

## III.

### DISCUSSION

On appeal, we must first decide whether the Military Claims Act precludes judicial review of Hata's claims; if not, we must then determine whether Hata's claims are barred by the MCA's "incident to service" exclusion.

### A. *Preclusion of Judicial Review Under the MCA*

■ Hata contends that the finality provision of the MCA, 10 U.S.C. § 2735, allows judicial review of her claims.[2] We disagree.

■ Administrative decisions are presumptively subject to judicial review. *Block v. Community Nutrition Inst.*, 467 U.S. 340, 349, 104 S.Ct. 2450, 2455–56, 81 L.Ed.2d 270 (1984). However, the Supreme Court has held that " 'clear and convincing evidence' of a contrary legislative intent" will overcome the presumption of reviewability. *Lindahl v. Office of Personnel Management*, 470 U.S.

der the Constitution, laws, or treaties of the United States, *"subject only to preclusion-of-review statutes created or retained by Congress."* *Califano v. Sanders*, 430 U.S. 99, 105, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977) (emphasis added). As discussed below, the MCA is such a statute.

768, 778, 105 S.Ct. 1620, 1626, 84 L.Ed.2d 674 (1985). In determining whether a statute precludes judicial review, courts must discern congressional intent "from its express language, ... the structure of the statutory scheme, its objectives, its legislative history, and the nature of the administrative action involved." *Block*, 467 U.S. at 345, 104 S.Ct. at 2453–54.

The preclusion-of-review statute at issue in *Lindahl* was 5 U.S.C. § 8347(c), which states that administrative determinations concerning "[q]uestions of dependency and disability" are "final and conclusive and are not subject to review." *Lindahl*, 470 U.S. at 773, 105 S.Ct. at 1624. The Supreme Court concluded that because "questions of dependency and disability" are questions of fact, section 8347(c) precludes judicial review of the "factual underpinnings of ... disability determinations." *Id.* at 791, 105 S.Ct. at 1633. However, the Court also found that the statute did not preclude review "to determine whether 'there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error "going to the heart of the administrative determination."'" *Id.* (quoting *Scroggins v. United States*, 397 F.2d 295, 297, 184 Ct.Cl. 530 *cert. denied*, 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1968)).

The interpretation of the finality provision of the Military Claims Act is a question of first impression in this circuit. However, the express language of the MCA provides clear and convincing evidence of legislative intent.[3] The MCA authorizes the Secretary of the Air Force to settle claims for "personal injury or death ... caused by a civilian officer or employee of that department [or member of one of the armed services] acting within the scope of his employment...." 10 U.S.C. § 2733(a)(3). Section 2735 further provides: "Notwithstanding any other provision of law, the settlement of a claim under [the Military Claims Act] is *final and conclusive." Id.* § 2735 (emphasis added). The term "settlement" includes the disallowance of a claim. *Id.* § 2731.

Thus, we hold, in accord with the First, Fifth, Tenth and District of Columbia Circuits, that the MCA's finality provision generally precludes federal courts from reviewing administrative decisions by the Secretary of the Air Force. *See Rodrigue v. United States*, 968 F.2d 1430, 1434 (1st Cir.1992); *Poindexter v. United States*, 777 F.2d 231, 233–34 (5th Cir.1985); *Broadnax v. United States Army*, 710 F.2d 865, 867 (D.C.Cir. 1983) (per curiam); *LaBash v. United States Dep't of the Army*, 668 F.2d 1153, 1155–56 (10th Cir.) *cert. denied*, 456 U.S. 1008, 102 S.Ct. 2299, 73 L.Ed.2d 1303 (1982); *Towry v. United States*, 459 F.Supp. 101, 107 (E.D.La. 1978), *aff'd*, 620 F.2d 568 (5th Cir.1980), *cert. denied*, 449 U.S. 1078, 101 S.Ct. 858, 66 L.Ed.2d 801 (1981). We recognize, however, that review of constitutional claims may still be available upon a sufficiently pleaded allegation of a serious constitutional violation "going to the heart of the administrative determination." *Lindahl*, 470 U.S. at 791, 105 S.Ct. at 1633; *see Rodrigue*, 968 F.2d at 1434 (finding that the MCA does not preclude judicial review of cognizable constitutional claims); *Broadnax*, 710 F.2d at 867 (same); *LaBash*, 668 F.2d at 1155 (same).

■ Here, Hata has alleged no colorable constitutional claim. Hata does not dispute that the Secretary complied with Air Force regulations in disallowing her claim. In-

---

3. The legislative history of the MCA, however, is inconclusive on the issue of congressional intent. A 1964 Senate Report contains a letter from the Assistant Secretary of the Interior to Senator James Eastland, Chairman of the Judiciary Committee, specifically stating that the MCA makes "[n]o provision ... for appeal to the courts." S.Rep. No. 1423, 88th Cong., 2d Sess., *reprinted in* 1964 U.S.C.C.A.N. 3407, 3414–15. On the other hand, a letter attached to the 1972 Senate Report states: "The proposed legislation would be consistent with the cited general policy of preventing other agencies of the Government from reviewing and reversing actions on claim settlements of agencies specifically authorized to settle and pay certain claims." S.Rep. No. 1056, 92d Cong., 2d Sess., *reprinted in* 1972 U.S.C.C.A.N. 3106, 3109–10. The Government correctly points out that these letters are not inconsistent but merely speak to different types of review preclusion. As the First Circuit has indicated, a review of the legislative history "reveals inconsistency and nothing persuasive." *Rodrigue v. United States*, 968 F.2d 1430, 1434 (1st Cir.1992). Nonetheless, the language of the MCA is sufficiently clear that analysis of the legislative history is unnecessary to discern congressional intent.

stead, she argues that this administrative procedure was constitutionally insufficient because she was given no opportunity to dispute the agency's legal and factual determinations or to cross-examine the "reviewers" of her claim in front of a "neutral decision-making body." We reject this argument. Even if Hata could establish a protected property interest in her MCA claim, she has not shown that the administrative procedures applied by the Air Force were constitutionally insufficient. "The essential requirements of due process ... are notice and an opportunity to respond." *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 546, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985). Here, the Air Force reviewed and investigated Hata's original claims and her appeal in accordance with its established regulations, and Hata had a full opportunity to present her claim in writing. *See id.* ("The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement."). The Air Force promptly informed Hata of the disposition of her claims and provided a written statement of reasons for denial. Thus, Hata received all the process she was constitutionally due.

■ Hata next argues that the lack of access to federal court for review of the Secretary's decision is a per se procedural due process violation. In *Califano v. Sanders,* 430 U.S. 99, 105, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977), the Supreme Court noted that preclusion-of-review statutes delimit the jurisdiction of federal courts under 28 U.S.C. § 1331. Although the Ninth Circuit has not addressed whether the MCA's preclusion-of-review provision violates due process, the Third, Fifth, and Tenth Circuits have held that it does not. *Heller v. United States,* 776 F.2d 92, 98 (3d Cir.1985), *cert. denied,* 476 U.S. 1105, 106 S.Ct. 1948, 90 L.Ed.2d 358 (1986); *Towry,* 459 F.Supp. at 108; *LaBash,* 668 F.2d at 1156. In assessing a procedural due process challenge, courts must balance the private interest affected and the government interest involved. *Mathews v. Eldridge,* 424 U.S. 319, 334–35, 96 S.Ct. 893, 902–03, 47 L.Ed.2d 18 (1976). The adminis-

trative claim procedure set forth in the MCA represents "an appropriate balance between individual rights and Congress' desire to avoid the disruptive effect that judicial review may have on the 'prompt and authoritative administrative settlement of claims' against the military." *Heller,* 776 F.2d at 98. Therefore, preclusion of judicial review under the MCA does not violate due process.

### B. *The Incident to Service Exclusion*

■ Even were we to hold that the MCA did not preclude judicial review in this case, we would nonetheless find Hata's claims barred by the incident to service exclusion of the MCA.

The MCA explicitly bars claims for the personal injury or death of a service member "whose injury or death is incident to his service." 10 U.S.C. § 2733(b)(3). Based on this exclusion, the Secretary denied the Hata family's wrongful death claims. Hata contends that this denial was erroneous.

First, Hata argues that the Secretary erred in relying on the *Feres* doctrine to construe the MCA's incident to service exclusion. We disagree. The *Feres* doctrine is a judicially created "incident to service" exception to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b). The *Feres* cases provide an established body of law interpreting what activities are "incident to service." Indeed, in *Feres* itself, the Supreme Court implied that the judicially created exception to the FTCA should be interpreted consistently with the *explicit* exclusion under the Military Personnel Claims Act, the precursor to the current Military Claims Act. *Feres v. United States,* 340 U.S. 135, 144, 71 S.Ct. 153, 158, 95 L.Ed. 152 (1950). Citing this dictum, the Tenth Circuit has posited that the case law interpreting *Feres* is an appropriate guide to the interpretation of the MCA's statutory exclusion. *LaBash v. United States Dep't of the Army,* 668 F.2d 1153, 1157 n. 7 (10th Cir.), *cert. denied,* 456 U.S. 1008, 102 S.Ct. 2299, 73 L.Ed.2d 1303 (1982). Thus, contrary to Hata's assertions, the Secretary's reliance on the case law interpreting *Feres* was not erroneous.[4]

4. Despite intense criticism of the *Feres* doctrine by courts and commentators, the Supreme Court

■ The Secretary correctly denied the Hata family's claims. The Ninth Circuit has consistently barred as "incident to service" claims arising out of medical care provided to service members in military hospitals.[5] Where, as here, a service member on active duty receives medical care "solely by virtue of his status as a serviceman," *Persons v. United States*, 925 F.2d 292, 296 (9th Cir. 1991), the incident to service exclusion bars not only subsequent claims for medical malpractice but wrongful death claims by family members as well. *See id.* (barring wrongful death action because decedent died incident to service); *Estate of McAllister v. United States*, 942 F.2d 1473, 1474 (9th Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 1164, 117 L.Ed.2d 411 (1992).

## IV.

### CONCLUSION

The district court correctly dismissed Hata's action for lack of subject matter jurisdiction. Absent a cognizable constitutional claim, section 2735 of the Military Claims Act expressly precludes judicial review of administrative rulings by the Air Force. Hata alleged no cognizable claim that the administrative procedures applied by the Air Force denied her due process. Moreover, the Air Force correctly relied on the *Feres* doctrine and determined that the MCA's incident to service exclusion barred the Hata family's claims. Accordingly, we AFFIRM.

---

in *United States v. Johnson*, 481 U.S. 681, 686–92, 107 S.Ct. 2063, 2066–70, 95 L.Ed.2d 648 (1987), affirmed the core holding of *Feres* and cited with approval all three rationales associated with the *Feres* doctrine.

**5.** *See, e.g., Persons v. United States*, 925 F.2d 292 (9th Cir.1991) (barring medical malpractice claim that alleged that naval hospital negligently failed to warn of service member's suicidal con-

dition); *Atkinson v. United States*, 825 F.2d 202 (9th Cir.1987), *cert. denied,* 485 U.S. 987, 108 S.Ct. 1288, 99 L.Ed.2d 499 (1988) (barring servicewoman's medical malpractice claim that alleged that negligent medical care caused her child to be stillborn).