34 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Calvin KUHLMAN, Plaintiff-Appellant,
and
Ernest HUERTAS, Plaintiff,
v.
SEATTLE HOUSING AUTHORITY; Seattle Housing Authority, a
body corporate and politic; HARRY THOMAS, individually and
as Executive Director of Seattle Housing Authority; GLORIA
TERJUNG, individually as Personal Manager of Seattle Housing
Authority; MARLAINA KINER, individually and as an employee
of Seattle Housing Authority; FRED KAY, individually and as
an employee of Seattle Housing Authority; RON JUDD,
individually and as a member of the Seattle/King County
Building and Trades Council; PAT DEMINKO, individually and
as a member of the Seattle/King County Building and Trades
Council; JOHN 1-5 DOES; JANE 1-5 DOES, Defendants-Appellees.
Ernest E. HUERTAS, Plaintiff-Appellant,
v.
SEATTLE HOUSING AUTHORITY; SEATTLE HOUSING AUTHORITY, a
body corporate and politic; Harry Thomas, individually and
as Executive Director of Seattle Housing Authority; Gloria
Terjung, individually as Personal Manager of Seattle Housing
Authority; Marlaina Kiner, individually and as an employee
of Seattle Housing Authority; Fred Kay, individually and as
an employee of Seattle Housing Authority; Ron Judd,
individually and as a member of the Seattle/King County
Building and Trades Council; Pat Deminko, individually and
as a member of the Seattle/King County Building and Trades
Council; John 1-5 Does; Jane 1-5 Does, Defendants-Appellees.
 Nos. 93-35714, 93-35766.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 4, 1994.
Decided Aug. 26, 1994.
 
 1
 Before: KOZINSKI and FERNANDEZ, Circuit Judges, and REAL,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Calvin Kuhlman and Ernest Huertas appeal the district court's entry of summary judgment in favor of the Seattle Housing Authority ("SHA") in their actions, which alleged claims under 42 U.S.C. Sec. 1983, the Washington Constitution, and state law. All of the claims arose from disciplinary actions taken against them. The SHA disciplined Kuhlman and Huertas because it determined that they had engaged in acts of sexual, racial, and disability harassment. We affirm.
 
 
 4
 1. Kuhlman's and Huertas' claim that they were deprived of a property interest without due process must fail. All agree that they did have property rights in their employment.
 
 
 5
 Both of them assert that they were accorded inadequate pre-discipline due process. In that they are mistaken. No doubt they were entitled to notice and to an opportunity to respond. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985); Matthews v. Harney County, Or. Sch. Dist. No. 4, 819 F.2d 889, 892 (9th Cir.1987). Their error is centered in their belief, as apparently counseled by their attorneys, that what was necessary was a hearing approaching the requirements of in-court proceedings. But that is not the law. What due process contemplates is an essentially informal proceeding that can often be as simple as a discussion between the employee and his supervisor, with a reasonable time to respond. See Loudermill, 470 U.S. at 545-46, 105 S.Ct. at 1495; see also Loudermill v. Cleveland Bd. of Educ., 844 F.2d 304, 310-11 (6th Cir.) (in further proceedings after remand from the Supreme Court, the court determined that a meeting with the supervisor and four days to respond was sufficient due process), cert. denied, 488 U.S. 941, 109 S.Ct. 363, 102 L.Ed.2d 353 (1988). Here there was ample notice and opportunity to respond, but what Kuhlman and Huertas simply fail to understand is that the pre-discipline hearing "need not definitively resolve the propriety of the [discipline]." Loudermill, 470 U.S. at 546, 105 S.Ct. at 1495. It need only resolve whether there are "reasonable grounds to believe" that the charges are true and support the action. Id. at 546, 105 S.Ct. at 1495. Those standards were certainly met here.
 
 
 6
 Kuhlman and Huertas also complain about the post-discipline procedure. That was a three-tiered process provided by the collective bargaining agreement, which would ultimately lead to binding arbitration. That procedure was sufficient. Armstrong v. Meyers, 964 F.2d 948, 950 (9th Cir.1992). See also Hata v. United States, 23 F.3d 230, 233-34 (9th Cir.1994). The fact that the grievance procedure was in the hands of the union and that the union chose not to press the grievances does not change the result. Due process requirements were no less satisfied. See Armstrong, 964 F.2d at 950.
 
 
 7
 2. Kuhlman and Huertas assert that they do have a claim under the due process clause in Article I, Section 3, of the Washington Constitution because that constitution requires more due process than does the Fourteenth Amendment. That argument is belied by Washington law and must fail. See Hoflin v. City of Ocean Shores, 847 P.2d 428, 436-37 (Wash.1993); Gibson v. City of Auburn, 748 P.2d 673, 675 n. 1 (Wash.Ct.App.1988). Similarly, the other state law claims asserted before the district court were parasitic on the claim that due process rights had been violated, and they necessarily withered away when deprived of that soil.
 
 
 8
 3. Kuhlman and Huertas seek to raise a number of new state law issues that were not raised in the district court. But we will not, in general, hear issues raised on appeal for the first time. United States v. Reyes, 8 F.3d 1379, 1390 (9th Cir.1993); Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985). We see no reason to do so here. Kuhlman and Huertas will not be permitted to bypass the district court filtering process by dreaming up and pressing new claims before us.
 
 
 9
 4. Kuhlman finally asserts that he should have been allowed a chance to prove up his declaratory relief assertion that the charges against him were untrue. To the extent that this is an attempt to contest the disciplinary procedures, it must fail along with his other claims. To the extent that it is an attempt to bypass the binding effect of those procedures, it must similarly fail. To the extent that it is an attempt to have the court render an advisory opinion on the subject of his alleged rectitude, it is otiose. At any rate, all he presented was a flat-out general denial at the summary judgment hearing, and that was insufficient to raise issues of fact and prevent summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 107 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The Honorable Manuel L. Real, United States District Judge, United States District Court for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3