82 F.3d 422
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ginn DOOSE, Plaintiff-Appellant,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION;*
Standard Federal Savings Bank, Defendants-Appellees.
 No. 95-55125.
 United States Court of Appeals, Ninth Circuit.
 March 5, 1996.
 
 Before: SNEED, PREGERSON, and CANBY, Circuit Judges.**
 
 
 1
 MEMORANDUM***
 
 
 2
 Ginn Doose appeals pro se the district court's dismissal for lack of jurisdiction of her complaint against the Resolution Trust Corporation ("RTC"), as receiver for Standard Federal Savings Bank ("Standard"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Hata v. United States, 23 F.3d 230, 232 (9th Cir.1994), and we affirm.
 
 
 3
 Under FIRREA,[1] claimants must first present their claim to the RTC for administrative consideration. The RTC has 180 days after receiving the claim to allow or disallow the claim. 12 U.S.C. § 1821(d)(5)(A)(i). The claimant then has 60 days to seek administrative review of the claim or file suit on the claim from the earlier of: (1) the time the claimant receives notice that the RTC disallowed the claim; or (2) the 180 day time period for the RTC to make a determination of the claim lapses. 12 U.S.C. § 1821(d)(6)(A). If the claimant fails to timely seek administrative review or file suit on the claim within the 60 day period, the claim is deemed to be disallowed and the claimant has no further rights or remedies with respect to the claim. 12 U.S.C. § 1821(d)(6)(B).
 
 
 4
 Here, the RTC sent a letter to Doose advising her that the 180 day period to process her claim would expire on December 4, 1993. The RTC requested Doose to allow it an extension of the 180 day period to process her claim. The RTC advised Doose that if the extension was not granted her right to file a judicial action would expire on February 2, 1994. Doose refused to grant the RTC an extension and failed to file her lawsuit until June 6, 1994. Doose's action was therefore time-barred. See 12 U.S.C. § 1821(d)(6)(B).
 
 
 5
 Accordingly, the district court did not err by dismissing this action for lack of jurisdiction. Id.
 
 AFFIRMED.[2]
 
 
 *
 Pursuant to the Resolution Trust Corporation Completion Act, 12 U.S.C. § 1441a(m)(1), the Resolution Trust Corporation was terminated and its functions statutorily succeeded by the Federal Deposit Insurance Corporation. In accordance with 12 U.S.C. § 1441a(m)(1), the Federal Deposit Insurance Corporation is substituted for the Resolution Trust Corporation as the defendant to this action
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Contrary to Doose's contention that she brought her action pursuant to the Federal Torts Claims Act, 28 U.S.C. §§ 2671-2680, her claims were based on the Financial Institutions Recovery, Reform and Enforcement Act ("FIRREA"), 12 U.S.C. § 1821
 
 
 [2]
 We reject Doose's contention that the RTC should be liable in its corporate capacity. The alleged acts committed by the RTC were done in its capacity as a receiver. See FDIC v. Nichols, 885 F.2d 633, 636 (9th Cir.1989); see also Howerton v. Designer Homes by George, 950 F.2d 281, 283 (5th Cir.1992) ("The RTC, in its corporate capacity, is not liable for claims against the RTC in its capacity as ... receiver.")