103 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward J. POST; Setsuko Post, Plaintiffs-Appellants,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION,* as
Receiver for GIBRALTAR SAVINGS, Defendant-Appellee.
 No. 96-55116.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.**
Decided Dec. 06, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Edward J. and Setsuko Post, husband and wife, appeal pro se the district court's Fed.R.Civ.P. 12(b)(1) dismissal of their complaint against the Resolution Trust Corporation ("RTC") for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's dismissal for lack of subject matter jurisdiction. Hata v. United States, 23 F.3d 230, 232 (9th Cir.1994). If the language of the jurisdictional statute is unambiguous, we must enforce the congressional intent embodied by the statute. United States v. Clark, 454 U.S. 555, 560 (1982).
 
 
 4
 Under the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), a claimant must first present his claim to the RTC for administrative consideration. 12 U.S.C. § 1821(d). The RTC has 180 days after receiving the claim to allow or disallow the claim. 12 U.S.C. § 1821(d)(5)(A)(i). The claimant may seek administrative review of the claim or file suit on the claim within 60 days of the earlier of: (1) the date of the notice of disallowance of the claim; or (2) the end of the 180-day period. 12 U.S.C. § 1821(d)(6)(A). If the claimant fails to seek timely administrative review or to file suit on the claim within the 60-day period, the claim is deemed to be disallowed and the claimant has no further rights or remedies with respect to the claim. 12 U.S.C. § 1821(d)(6)(B).
 
 
 5
 Here, the RTC received the Posts' claim on February 26, 1990. The RTC did not act on the Posts' claim within the 180-day period. Therefore, the Posts had 60 days from the end of the 180-day period in which to file suit in district court. See 12 U.S.C. § 1821(d)(6)(A)(i). Because the Posts took no action within the time allotted by statute and filed their complaint over three years after the end of the 180-day period, their complaint is time-barred. See 12 U.S.C. § 1821(d)(6)(B).
 
 
 6
 The Posts argue that they were entitled to wait until they received the notice of disallowance from the RTC and that the 60-day period did not begin to run until the date of the notice of disallowance. Even if we were to accept this construction of the statute, the Posts argument would fail. Here, the notice of disallowance was dated June 18, 1993. Because the Posts did not file their complaint until September 14, 1993, it was untimely. See id.
 
 
 7
 Accordingly, the district court did not err by dismissing the complaint for lack of subject matter jurisdiction. See id.; Hata, 23 F.3d at 232.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Pursuant to the Resolution Trust Corporation Completion Act, 12 U.S.C. § 1441a(m)(1), the Resolution Trust Corporation ("RTC") was terminated and its functions statutorily succeeded by the Federal Deposit Insurance Corporation ("FDIC"). Accordingly, the FDIC is substituted for the RTC as the defendant in this action
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3