**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BARBARA DUNCAN, personally and on
behalf of her deceased child, BABY
BOY SCOTT,
Plaintiff-Appellant,

v.                                                                No. 97-1876

TOGO D. WEST, JR., Secretary of the
Army,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T.S. Ellis, III, District Judge.
(CA-96-1648-A)

Submitted: June 2, 1998

Decided: June 24, 1998

Before WILKINSON, Chief Judge, and ERVIN and
WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mickale C. Carter, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Thomas M. Ray, Special Assistant
United States Attorney, Alexandria, Virginia; Lieutenant Colonel
Richard O. Hatch, Arlington, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Barbara Duncan appeals the district court's order dismissing her claim for a lack of subject matter jurisdiction. Finding no error, we affirm.

Duncan commenced an action on behalf of herself and her deceased child, seeking review of the Secretary of the Army's disallowance of her administrative claim for medical malpractice under the Military Claims Act ("MCA"), 10 U.S.C.A. § 2733 (West 1983 & Supp. 1998). In September 1991, Duncan, the wife of an active duty soldier residing in Germany, sought health care at an Army medical facility in Darmstadt, Germany. Duncan, who was four months pregnant, complained of nausea, vomiting, diarrhea, a decreased appetite, and a burning sensation while urinating. A military doctor diagnosed gastroenteritis and advised her to increase her liquid intake and maintain a bland diet. She returned to the medical facility the next day and was seen by a civilian doctor participating in the Civilian Health and Medical Program of Uniformed Services ("CHAMPUS") partnership program. Duncan was diagnosed with cystitis.

The next day, Duncan was seen by her gynecologist, a German doctor, and was hospitalized for the next ten days in a German hospital for bladder and kidney infections. Approximately three weeks after her release from the hospital, a German surgeon diagnosed appendicitis. Duncan's appendix had ruptured and she developed peritonitis. At the advice of a physician, she terminated her pregnancy resulting in the loss of Baby Boy Scott who was about 5 months' gestation.

Duncan filed an administrative claim against the United States Army alleging that both the military doctor and the civilian CHAMPUS doctor negligently failed to diagnose appendicitis resulting in a ruptured appendix, peritonitis, and premature termination of her preg-

2

nancy. The Army denied the claim, finding that the military doctor was not negligent under the circumstances and the CHAMPUS doctor was not a civilian officer or employee of the Army. Duncan appealed the decision to the Secretary of the Army. The appeal was denied and the claim disapproved. The notice denying the appeal stated that under 10 U.S.C. § 2735 (1994), the decision was "final and conclusive." Shortly thereafter, Duncan commenced the instant action in the district court.

Duncan made the following assertions below: (1) the Secretary's decision was not supported by the record; (2) the Secretary acted arbitrarily and capriciously in denying her claim; (3) the Secretary improperly applied the MCA to her claim instead of the Foreign Claims Act ("FCA"), 10 U.S.C.A. § 2734 (West 1983 & Supp. 1998); (4) a finding of negligence was not required; (5) the Secretary did not refer to the general principles of tort law common to the majority of states as required by regulations; (6) the Secretary erred in finding that the Army was not liable for the conduct of CHAMPUS doctors; (7) the Secretary erroneously applied certain provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 2671 - 2680 (1994); (8) the Secretary denied Duncan procedural due process by refusing to disclose certain information concerning the denial of the claim; and (9) the disparate treatment between military dependents injured in military facilities in foreign countries and military dependents injured in military facilities in the United States does not have a rational basis and violates principles of equal protection.

The district court found that the Secretary properly construed Duncan's claim as one under the MCA instead of the FCA. The court then found that 10 U.S.C. § 2735 (1994) barred judicial review of the Secretary's denial of Duncan's claim. The court also concluded that Duncan's complaint did not present a substantial violation of a constitutional protection, which may have been an exception to the bar against judicial review. See Duncan v. West , 965 F. Supp. 796 (E.D. Va. 1997). The instant appealed followed.

A dismissal for lack of subject matter jurisdiction is reviewed de novo. See Republic of Paraguay v. Allen, 134 F.3d 622, 626 (4th Cir.), cert. denied, ___ U.S. #6D6D 6D#, 66 U.S.L.W. 3684 (U.S. Apr. 14, 1998) (Nos. 97-8214 (A-732), 97-1390 (A-738), 97-8660 (A-767)).

3

Under 10 U.S.C. § 2735, "[n]otwithstanding any other provision of law, the settlement of a claim under section 2733, 2734, 2734a, 2734b, or 2737 of this title is final and conclusive." Settlement means to "consider, ascertain, adjust, determine, and dispose of a claim, whether by full or partial allowance or by disallowance." 10 U.S.C. § 2731 (1994) (emphasis added). Although this Court has not had occasion to address the issue, seven of our sister circuit courts that have considered it concluded that judicial review of a denial of a claim under the MCA is barred. See Collins v. United States, 67 F.3d 284, 288 (Fed. Cir. 1995); Schneider v. United States, 27 F.3d 1327, 1332 (8th Cir. 1994); Hata v. United States, 23 F.3d 230, 233 (9th Cir. 1994); Rodrigue v. United States, 968 F.2d 1430, 1434 (1st Cir. 1992); Poindexter v. United States, 777 F.2d 231, 233 (5th Cir. 1985); Broadnax v. United States Army, 710 F.2d 865, 867 (D.C. Cir. 1983); LaBash v. United States Dep't of the Army, 668 F.2d 1153, 1156 (10th Cir. 1982).

We find this weight of authority persuasive. It is well settled that the United States cannot be sued without its consent. See Hercules Inc. v. United States, 516 U.S. 417, 422 (1996). While there is a strong presumption that Congress intends judicial review of administrative action, the presumption can be defeated by "'specific language or specific legislative history that is a reliable indicator of congressional intent,' or a specific congressional intent to preclude judicial review that is 'fairly discernible' in the detail of the legislative scheme." Bowen v. Michigan Academy of Family Physicians, 476 U.S. 667, 670-73 (1986) (quoting Block v. Community Nutrition Inst., 467 U.S. 340, 349 (1984)). Section 2735 contains specific language indicating a congressional intent to bar judicial review. Because the Secretary's decision is final and conclusive, "notwithstanding any other provision of law," 5 U.S.C. § 702 (1994) of the Administrative Procedure Act cannot be a source for the court's authority to review the Secretary's decision.[1] See Schneider, 27 F.3d at 1330. Thus, judicial review of the Secretary's action is barred unless Duncan's allegations fall into one of two narrow exceptions.

_____

[1] Section 702 provides for a general cause of action for persons adversely aggrieved by a final agency decision.

4

Even though statutory language may bar judicial review, we recognize that review may nonetheless occur if the allegation concerns the agency exceeding the scope of its authority or violating a clear statutory mandate. See Hanauer v. Reich, 82 F.3d 1304, 1307 (4th Cir. 1996). In such circumstances, the court should conduct a cursory review of the merits of the allegation. Review is limited and available only in extraordinary circumstances. See Boire v. Greyhound Corp., 376 U.S. 473, 481 (1964). In addition, constitutional claims regarding the denial of relief under § 2733 may, in some instances, be reviewed. See Schneider, 27 F.3d at 1332; Hata, 23 F.3d at 233-34.

Even if review were possible under either exception, however, we nonetheless find the district court properly declined to exercise jurisdiction. Duncan alleges a number of errors which could be construed as asserting that the Secretary exceeded the scope of his authority or violated a statutory mandate. However, we find these claims are without merit. The Secretary did not violate a statutory mandate by deciding the claim under the MCA rather than the FCA. The MCA is clearly applicable to Duncan's claim.**2**

Relief under the FCA is available only to foreign countries, political subdivisions of foreign countries, or "inhabitants" of foreign countries. See 10 U.S.C.A. § 2734. An "inhabitant" is "[o]ne who resides actually and permanently in a given place, and has his domicile there." Black's Law Dictionary 782 (6th ed. 1990). Thus, we conclude the Secretary has not clearly violated a statutory mandate by determining that Duncan was not an inhabitant for purposes of § 2734.

Nor is it a violation or in excess of the scope of authority to limit relief to those claims which show that military personnel were negligent in causing the injury. See 32 C.F.R.§ 536.23(a)(1) (1997). Duncan's contention that the Secretary violated 32 C.F.R. § 536.6 (1997)

_____

**2** Under 10 U.S.C.A. § 2733(a)(3), "[the Secretary] . . . or, subject to appeal to him, the Judge Advocate General of an armed force under his jurisdiction, or the Chief Counsel of the Coast Guard, as appropriate, if designated by him, may settle, and pay in the amount not more than $100,000, a claim against the United States for-- . . . personal injury or death."

by not applying the prevailing common law standard for general tort principles is merely an attempt to have the court review the merits of her personal injury claim. Furthermore, the Secretary did not act improperly by declining to award relief for any injury caused by the negligence of the CHAMPUS doctor. Under the MCA, in order for the Secretary to award relief, the injury must be"caused by a civilian officer or employee of" the Army. See 10 U.S.C.A. § 2733. It is within the Secretary's authority, conferred by § 2733, to exclude independent contractors from the definition of civilian officers or employees. See 32 C.F.R. § 536.3. Duncan's claim that the Secretary's reliance upon the FTCA in creating its regulations is improper is without merit and has no bearing on the merits of Duncan's personal injury claim.

We agree with the district court that Duncan's constitutional claims are insufficient to permit an exception to the bar against judicial review. Even if the Secretary violated the regulations by not disclosing certain information or by not informing Duncan of the basis for the denial of the claim, there was no due process violation. Duncan received notice of the reasons for the denial. She then made use of the opportunity for review by the Secretary by submitting extensive argument, expert opinion and other materials. She received all the process she was due.

Equal protection claims like Duncan's have been considered and rejected by other circuit courts. See Schneider , 27 F.3d at 1332; see also Heller v. United States, 776 F.2d 92, 98 (3d Cir. 1985) (FTCA's provision denying relief to claims arising in foreign countries does not violate equal protection). We find a rational basis exists for granting judicial review under the FTCA while not providing the same opportunity to claimants proceeding under the MCA.

For the foregoing reasons, the district court's order is affirmed. Having previously granted Appellee's motion to submit this appeal on the briefs, we dispense with oral argument since the factual and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6