11-534-ag
Wong v. Holder

BIA
Nelson, IJ
A098 547 400
A099 372 927

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of January, two thousand twelve.

PRESENT:
            BARRINGTON D. PARKER,
            RICHARD C. WESLEY,
            RAYMOND J. LOHIER, JR.,
                 *Circuit Judges.*
_____

SIEW VOON WONG, CHUN YIP LAM,
        *Petitioners,*

        v.                                    11-534-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONERS:        James Costo, Brooklyn, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Richard M. Evans, Assistant
                        Director; Aliza B. Alyeshmerni,
                        Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Siew Voon Wong ("Wong") and Chun Yip Lam ("Lam"), natives and citizens of Malaysia, seek review of a January 20, 2011, decision of the BIA affirming the January 28, 2009, decision of Immigration Judge ("IJ") Barbara A. Nelson, pretermitting their applications for asylum, and denying withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Siew Voon Wong, Chun Yip Lam a.k.a. Chunyip Lam*, Nos. A098 547 400/099 372 927 (B.I.A. Jan. 20, 2011), *aff'g* Nos. A098 547 400/099 372 927 (Immig. Ct. N.Y.C. Jan. 28, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B);

*see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).  Because Wong and Lam did not challenge the agency's pretermission of their asylum claim, we address only the denial of withholding of removal and CAT relief.

The agency reasonably found that petitioners failed to establish past persecution given their lack of credibility on the single incident that formed the basis of their past persecution claim.  *See Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 127 (2d Cir. 2007) (finding that inconsistencies at the heart of a petitioner's asylum claim to be entitled to greater legal significance in support of an adverse credibility determination).  In their respective asylum applications, petitioners stated that Lam was attacked on account of his Chinese ethnicity in 1993, but in the same applications, later stated the attack occurred in 1998.  Before the IJ, Wong testified that the 1998 date was correct, and cited an error by the preparer as the reason for this inconsistency.  The agency reasonably declined to credit this explanation.  *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005).  The agency also reasonably relied on an inconsistency between Wong's testimony that Lam's scars were a result of the assault, and the asylum applications

3

which omitted that information.  The agency reasonably declined to credit Wong's explanation that they "forgot" to include the information.  *See Majidi*, 430 F.3d at 81.  Given these inconsistencies regarding the sole incident of alleged harm, the agency's adverse credibility determination is supported by substantial evidence.  *See Xiu Xia Lin*, 534 F.3d at 165-66.

Wong and Lam's failure to demonstrate past persecution required them to demonstrate eligibility based on a reasonable fear of future persecution.  *See* 8 C.F.R. § 1208.13(b)(1), (2); *see also Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). In establishing a well-founded fear or likelihood of persecution, an applicant need not "provide evidence that there is a reasonable possibility he or she would be singled out individually for persecution if . . . [t]he applicant establishes that there is a pattern or practice in his or her country of nationality . . . of persecution of a group of persons similarly situated to the applicant." 8 C.F.R. § 1208.13(b)(2)(iii); *see also* 8 C.F.R. § 1208.16(b)(2)(i).  Applicants claiming only a prospective fear of persecution must make some showing that their ethnicity will subject them to persecution.  *See Hongsheng*

*Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). Wong and Lam's argument that the agency failed to consider their pattern and practice claim is unavailing because, as the IJ found, they failed to demonstrate widespread violence against ethnic Chinese in Malaysia. *See Huang v. U.S. I.N.S.*, 421 F.3d 125, 129 (2d Cir. 2005) (a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best."); *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 68 (2d Cir. 2002) (the agency does not err in addressing an uncorroborated claim in summary fashion). Because Wong and Lam were unable to show an objective likelihood of persecution needed to make out a withholding of removal claim, they were similarly unable to meet the higher standard required to succeed on a claim for CAT relief as the claims were based on the same facts and evidence. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

We do not reach petitioners' argument that the IJ erred in relying on a 1997 Department of State Report, as that argument was not raised before the agency. *See Zhong*, 480 F.3d at 107 n.1(b), 125.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

5

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```