FILED
United States Court of Appeals
Tenth Circuit

March 7, 2019

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

LEMUEL CLAYTON BRAY,

Plaintiff - Appellant,

and

KAZUKO HAYASHI BRAY,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

No. 18-8051
(2:17-CV-00206-NDF)
(D. Wyo.)

_____

ORDER AND JUDGMENT[*]

_____

Before **HOLMES**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.

_____

This appeal involves claims against the federal government for

negligent medical treatment at the Veterans Administration Hospital in

_____

[*]    Oral argument would not materially aid our consideration of the
appeal, so we have decided the appeal based on the briefs. *See* Fed. R.
App. P. 34(a)(2); Tenth Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But our order and judgment may be cited for its persuasive value if
otherwise appropriate. *See* Fed. R. App. P. 32.1(a); Tenth Cir. R. 32.1(A).

1969, 1990, and 1992. The claims were brought by Mr. Bray (who is a military veteran) and his spouse. The district court dismissed the original complaint for lack of subject-matter jurisdiction. But in an amended complaint, Mr. Bray's spouse was dropped as a plaintiff. The district court again ordered dismissal, relying this time on the Feres Doctrine, failure to state a valid claim under California law, and timeliness. We affirm.

**Ms. Bray's Claims**

In their notice of appeal, the plaintiffs include Ms. Bray as an appellant. She was a party to the original complaint, but not the amended complaint. So we assume that Ms. Bray is appealing the dismissal of her claims in the original complaint.

That dismissal was based on a lack of subject-matter jurisdiction over Ms. Bray's claims. Because the claims were brought against the federal government, the district court found that the Federal Tort Claims Act applied. 28 U.S.C. § 2674. This statute permits jurisdiction only if the plaintiff exhausts available administrative remedies. 28 U.S.C. § 2675(a); *see Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2017) (stating that the exhaustion requirement in 28 U.S.C. § 2675(a) is jurisdictional).

The district court concluded that Ms. Bray had failed to exhaust available remedies and relied on this jurisdictional requirement to dismiss her claims. We engage in de novo review. *U.S. West, Inc. v. Tristani*, 182 F.3d 1202, 1206 (10th Cir. 1999).

Ms. Bray has supplied us with no reason to question the district court's conclusion that she failed to administratively exhaust her claims. *See Haceesa v. United States*, 309 F.3d 722, 734 (10th Cir. 2002) (stating that each claimant must individually satisfy the Federal Tort Claims Act's jurisdictional requirements). We thus affirm the dismissal of Ms. Bray's claims for lack of subject-matter jurisdiction.

**Mr. Bray's Claims**

The district court also dismissed Mr. Bray's claims in the amended complaint based on the application of the Feres Doctrine, the failure to allege a cognizable claim under California law, and the expiration of the statute of limitations. Mr. Bray challenges these grounds for the decision, but we agree with the district court's reasoning.

The "Feres Doctrine" is the name given to a holding by the Supreme Court in *Feres v. United States*, 340 U.S. 135 (1950). There the Court held that the federal government does not incur liability under the Federal Tort Claims Act for a serviceman's injuries that arise out of his military service. 340 U.S. at 146.

The Feres Doctrine applies to the claims involving Mr. Bray's 1969 injuries because these claims arose out of his military service. Mr. Bray argues that the Feres Doctrine is unconstitutional "because Section 8 of Article I is modified by the 5th Amendment, 7th Amendment, and 14th

3

Amendment." Appellant's Opening Br. at 20. But he does not explain this contention.[1]

The Feres Doctrine is based on a Supreme Court decision, which binds us and requires us to reject Mr. Bray's constitutional challenge. *See Labash v. U.S. Dep't of the Army*, 668 F.2d 1153, 1156 (10th Cir. 1982) ("Although many courts have expressed reservations about the continuing validity of the broad Feres Doctrine, only the United States Supreme Court can overrule or modify Feres."), *quoted with approval in Ortiz v. United States ex rel Evans Army Comm. Hospital*, 786 F.3d 817, 823 (10th Cir. 2015).

In dismissing Mr. Bray's claims, the district court relied not only on the Feres Doctrine but also on California law. California law applies because (1) the underlying act occurred in California and (2) the Federal Tort Claims Act determines liability according to the law where the act or omission occurred. 28 U.S.C. § 1346(b)(1).

Applying California law, the district court concluded that Mr. Bray had failed to identify the applicable standard of care or state how the VA Hospital had failed to comply with that standard of care. For this conclusion, we engage in de novo review, *Slater v. A.G. Edwards & Sons,*

---

[1]     Because Mr. Bray appears pro se, we liberally construe his appeal brief. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). But we cannot act as his advocate or construct arguments for him. *Id.*

*Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013), and agree with the district court's reasoning.

Mr. Bray also claimed that VA personnel had covered up their wrongdoing by entering a false diagnosis in 1992. But the district court reasoned that Mr. Bray had failed to state how he was injured by the false diagnosis or why the diagnosis had fallen below the applicable standard of care.

In his appeal brief, Mr. Bray again fails to state how the district court erred in rejecting his argument involving a false diagnosis. Though he proceeds pro se, we cannot serve as Mr. Bray's advocate or create arguments for him. *See* note 1, above. And Mr. Bray has given us no reason to question the district court's reasoning.

The district court also concluded that the claims were untimely. For this part of the ruling, we again engage in de novo review. *See id*.

After the alleged wrongdoing occurred, Mr. Bray had two years to bring an administrative claim and six years to sue. 28 U.S.C. § 2401(a)–(b). The wrongdoing allegedly took place in 1969, 1990, and 1992. But Mr. Bray waited

- until 2016 to bring an administrative claim and

- until 2017 to sue.

The district court concluded that Mr. Bray's claims had accrued by 1990 or 1991 at the latest. But even if we were to base accrual on later

5

events, Mr. Bray has not provided a reason to justify delay until 2016 (for his administrative claim) or 2017 (for his filing of a lawsuit).

To avoid a time-bar, Mr. Bray urges equitable tolling. To prevail on this theory, Mr. Bray needed to prove that he had acted diligently and was unable to file in a timely fashion because of extraordinary circumstance. *Barnes v. United States*, 776 F.3d 1134, 1150 (10th Cir. 2015). He has not satisfied this burden. By 1990 or 1991, Mr. Bray had come to believe that the VA had mistreated him. But he waited until 2016 to submit an administrative claim. Waiting until 2016 was far too late, so we agree with the district court that the claims were untimely.

According to Mr. Bray, he suffers from a legal disability. But he has not submitted any evidence of legal incompetency. Indeed, he identifies seven other lawsuits that he filed between 1988 and 2011. We thus conclude that this theory was properly rejected in district court.[2]

Mr. Bray also states that the Federal Tort Claims Act is unconstitutional under limitations on sovereignty contained in the Constitution's Article I and Amendments Seven, Nine, Ten, and Fourteen. But he does not explain how these constitutional provisions would have rendered the Federal Tort Claims Act unconstitutional.

---

[2] Mr. Bray also challenges the constitutionality of the congressional ceiling on debt. But he does not explain how the debt ceiling affected himself or the district court's ruling.

6

Though Mr. Bray appears pro se, we cannot construct arguments for him (*see* note 1, above), and these constitutional provisions do not invalidate the Federal Tort Claims Act. They could not do so because the government (as a sovereign) has the absolute authority to restrict its liability. *Lynch v. United States*, 292 U.S. 571, 581-82 (1934).

Affirmed.

* * *

Mr. Bray also filed two motions.

In the first motion, he seeks to obtain his records of treatment and adjudication of benefits. But these records would not affect the reasons for our disposition, so we deny this motion.

Mr. Bray's second motion is to amend his petition for review, seeking to add unrelated matters to this appeal. Our jurisdiction, however, is limited by the rulings in the Brays' notice of appeal. We thus deny this motion.

Entered for the Court

Robert E. Bacharach
Circuit Judge